## Case No. 15,100.

### UNITED STATES v. FISHER.

[Cited in U. S. v. Hall, Case No. 15,281, and U. S. v. Pomeroy, Id. 16,065. Nowhere reported; opinion not now accessible.]

## Case No. 15,101.

### UNITED STATES v. FISHER.

[1 Cranch, C. C. 244.] [1]

Circuit Court, District of Columbia. July Term, 1805.

===

## Case No. 15,102.

### UNITED STATES v. FISHER.

[5 McLean, 23.] [2]

Circuit Court, D. Ohio. Oct. Term, 1849.

EMBEZZLEMENT FROM MAIL—INDICTMENT—ARTICLE OF VALUE.

1. Where an indictment charges the carrier of the mail with stealing a letter out of it, it is sufficient.

2. If the letter contain an article of value, it must be so averred in the indictment, to subject the defendant to the incurred penalty.

3. But as it is an offence to steal a letter which contains no article of value, it is not necessary to aver that it contained no such article.

The District Attorney, for the Government. Mr. Lawrence, for defendant.

OPINION OF THE COURT. This is an indictment against the defendant [John Fisher], charging him as carrier of the mail, with stealing letters, &c. A motion is made to quash certain counts in the indictment which charge the defendant with stealing a letter, without alleging that it contained no article of value. This is not necessary. A carrier of the mail is subject to a higher penalty where he steals a letter out of the mail, which contains an article of value. And when this offense is committed, the indictment must allege the letter contained an article of value, which aggravates the offense and incurs a higher penalty. But where the offense consists in stealing a letter, it may

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon John McLean, Circuit Justice.]

be so laid in the indictment, and the proof cannot go beyond the indictment. The motion is overruled.

The evidence being heard by the jury, he was convicted, and sentenced by the court.