## Case No. 14,872.

### UNITED STATES v. COTTINGHAM.

[2 Blatchf. 470.] [1]

Circuit Court, N. D. New York. Oct. 20, 1852.

JURY—PEREMPTORY CHALLENGES—WHEN ALLOWED—EMBEZZLEMENT FROM MAIL—DECOY LETTER.

1. Peremptory challenges to jurors are not allowed in the courts of the United States in any other than capital cases, even though they are allowed in other cases by the state law.

[Cited in U. S. v. Randall, Case No. 16,118; U. S. v. Coppersmith, 4 Fed. 199.]

2. A decoy-letter, containing money, mailed for the purpose of entrapping a clerk in a post-office, who opens it and takes the money, is within the 21st section of the act of March 3, 1825 (4 Stat. 107).

[Cited in U. S. v. Whittier, Case No. 16,688; U. S. v. Rapp, 30 Fed. 822; U. S. v. Wight, 38 Fed. 109; Walster v. U. S., 42 Fed. 896; U. S. v. Grimm, 50 Fed. 530.]

This was an indictment against [George Cottingham] a clerk in the post office at Albany, New-York, under the 21st section of the act of March 3, 1825 (4 Stat. 107), for opening a letter and stealing money therefrom. The punishment fixed by law for the offence was imprisonment for not less than ten nor more than twenty-one years. On the trial, the counsel for the prisoner claimed the right to challenge peremptorily twenty of the jurors, under the provisions of the 2d section of the state statute (2 Rev. St. 734, § 9), which is as follows: "Every person arraigned and put on trial for any offence punishable with death, or with imprisonment in a state prison ten years or any longer time, shall be entitled to challenge peremptorily twenty of the persons drawn as jurors for such trial, and no more." The letter containing money, which it was proved the prisoner had opened, and from which he had taken the money, was a decoy-letter, prepared and mailed by an officer of the government for the purpose of entrapping the prisoner. The counsel for the prisoner raised the objection that such a letter was not within the act.

James R. Lawrence, U. S. Dist. Atty.
Deodatus Wright, for prisoner.

THE COURT decided that the prisoner had no right to any of the peremptory challenges claimed, because such challenges were not allowed at common law in any other than capital cases. See note to U. S. v. Reed [Case No. 16,134.]

It also charged the jury that the purpose

---

for which the letter from which the money was taken was mailed, was not a question under the act.

---

## Case No. 14,873.

### UNITED STATES v. COTTOM.

[1 Cranch, C. C. 55.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

CRIMINAL PROCEDURE—CAPIAS—TRIAL—ARGUMENT OF COUNSEL.

1. A capias may be issued as the first process against a person for unlawful gaming.

2. The court will not suffer counsel in a criminal prosecution to argue to the jury, a point of law which has been decided by the court.

[Cited in Stettinius v. U. S., Case No. 13,-387.]

Indictment for gaming, contrary to the act of Virginia. A capias had issued upon the indictment, as the first process.

Mr. Swann, for defendant, moved to quash it, as being illegal and oppressive. But THE COURT overruled the motion.

Mr. Taylor began to address the jury on the points of law heretofore decided by the court, that the offence was not committed within the jurisdiction of the court, being before the first Monday of December, 1800; and that an indictment is not the proper and legal process in such cases.

THE COURT stopped him, and said they had before prevented Mr. Jones from arguing points of law to the jury, which the court had decided against him, (see Virginia v. Zimmerman [Case No. 16,968]), and they had not altered their opinion on that subject.

Mr. Jones, for defendant, tendered a bill of exceptions.