## Case No. 16,067.

### UNITED STATES v. POND.

[2 Curt. 265.] [2]

Circuit Court, D. Massachusetts. May Term, 1855.

INDICTMENT FOR MISDEMEANORS—MOTION TO QUASH —OFFENCES UNDER POSTAL LAWS— OPENING LETTERS.

1. A defect, pleadable only in abatement, is not ground for quashing an indictment.

2. In indictments for misdemeanors, it is sufficient to lay the charge in the words of the act of congress describing the offence, unless it appears, those words include cases not intended by the legislature to be embraced within the laws; in that event the indictment must show the case to be one not thus excluded.

[Cited in U. S. v. Henry, Case No. 15,350; Dewee's Case, Id. 3,848; U. S. v. Quinn, Id. 16,110; U. S. v. Winslow, Id. 16,742; U. S. v. Noelke. 1 Fed. 432; U. S. v. Britton, 107 U. S. 662, 2 Sup. Ct. 518.]

[Cited in State v. Miller, 60 Vt. 92, 12 Atl. 526.]

3. The twenty-second section of the act of March 3, 1825 (4 Stat. 109). makes it an offence to open a letter which has been in a post-office, before delivery to the person to whom it is directed, with intent to obstruct his correspondence or pry into his business or secrets, though the letter was not sealed, and was not, at the time, in the lawful custody of any person, and even though it was written by the defendant himself. Nor is it necessary that the name to which the letter was addressed, should be the true name of the person for whom it was intended.

[Cited in U. S. v. McCready, 11 Fed. 229.]

4. In such an indictment it is not necessary to allege any venue of the unlawful intent, nor to allege that the opening was unlawful, nor that A. B., to whom the letter was addressed, was a real person, if it be alleged that the letter was opened with intent to obstruct

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. B. R. Curtis, Circuit Justice.]

A. B.'s correspondence, or pry into his business or secrets, because it will intended he was a real person.

· [Cited in U. S. v. Driscoll, Case No. 14.994; Re Coleman. Id. 2,980; U. S. v. Safford, 66 Fed. 945.]

This was a motion to quash an indictment under the 22d section of the act of March 3, 1825 (4 Stat. 109), for the government of the post-office department, &c. The indictment, omitting the merely formal parts, was as follows:—"That on the fifteenth day of September, in the year of our Lord one thousand eight hundred and fifty-four, one Abel Pond. at Holliston, in said district, did then and there open a certain letter directed to one 'Ebenezer H. Currier, Esq.' which letter had been in a post-office of the said United States, namely, in the post-office of the United States at Holliston, in said district of Massachusetts, and did so open the said letter before it had been delivered to the said Currier to whom it was directed, and did so open the said letter with a design to obstruct the correspondence, and to pry into the business or secrets of another, namely, of the said Ebenezer H. Currier, said letter not containing any article of value."

The motion was as follows: "And now before pleading, the above-named defendant comes and moves the court, that the indictment found against him at this term of the court be quashed,—for the following reasons: (1) That he is not named therein with any addition of mystery. degree, or occupation; nor with any addition of the town or place of which he is a resident. (2) Because admitting all the facts stated in the indictment, it does not charge the defendant with any criminal offence; more particularly in that it does not set forth that defendant unauthorizedly or unlawfully opened the letter in question; in that it does not allege that the letter was sealed. or that the opening was by means of any breaking. tearing, or cutting; in that it does not allege that the letter as aforesaid was at the time of said opening in the custody of any postmaster, letter carrier, or other person having lawful charge of the letter of another; in that it does not exclude the idea that said letter was the property and belonged exclusively to the defendant, and that he was lawfully opening it at the time of said opening; in that it does not allege that there was any such person in existence as Ebenezer H. Currier, to whom said letter is alleged to have been addressed; in that it does not aver an intent unlawfully or unauthorizedly to obstruct the correspondence, or to pry into the secrets of said Currier, (supposing that there was such a person in being at that time, for whom said letter was intended,) and that it does not generally exhibit and set forth facts enough to constitute any offence against the laws of the United States. (3) Because there is no venue or time laid to the allegation of the intent."

Geo. Bemis, for the motion.
Dist. Atty. Hallett, contra.

CURTIS, Circuit Justice. Without expressing any opinion respecting the necessity of an addition of the mystery or degree of the defendant, in an indictment, I think the first cause assigned insufficient to support the motion. The want 'of an addition, or a wrong addition, when required, is ground for a plea in abatement·only. 2 Hawk. P. C. c. 23, § 125; 2 Inst. 670; Rex v. Warren, 1 Sid. 247; Rex v. Checkets, 6 Maule & S. 91. A motion by a defendant to quash an indictment, must be founded on defects which would make a judgment against him, on that indictment, erroneous. Bac. Abr. "Indictment," K; 2 Hawk. P. C. c. 25, § 146; Com. Dig. "Indictment," H. And there are many cases where the court, in the exercise of its discretion. refuses to quash an indictment even for defects which would cause an arrest of judgment. Bac. Abr. "Indictment," K. In Rex v. Wheatley, 1 Wm. Bl. 275, Lord Mansfield said: "If any distinction is made between quashing and arrest of judgment, that of quashing is the strongest way; because the indictment must be very grossly bad to have the court quash it at once." A defect only pleadable in abatement, and which is cured by pleading over, is not ground for quashing an indictment.

The cause secondly assigned, if found correct, would be sufficient In examining it, it must be remembered that this is an indictment for a misdemeanor, created by statute; and that, in general, it is sufficient to describe such an offence in the words of the statute. U. S. v. Mills, 7 Pet. [32 U. S.] 138. This indictment follows the words of the statute. It is sufficient, therefore, unless the words of the statute embrace cases which it was not the intention of the legislature to include within the law If they do, the indictment should show this is not one of the cases thus excluded. In the case of The Mary Ann, 8 Wheat. [21 U. S.] 389. speaking of an information. Mr. Chief Justice Marshall said: "If the words which describe the subject of the law are general, embracing a whole class of individuals, but must necessarily be so construed as to embrace only a subdivision of that class, we think the charge in the libel ought to conform to the true sense and meaning of those words as used by the legislature;" and this is only another mode of expressing the same rule which I have stated above.

To apply these rules to this case; the first objection is that the indictment does not allege that the defendant unlawfully opened the letter in question. But. following the words of the act. it does allege such facts as, if true, amount to an unlawful opening; for it avers the letter was opened before it reached the person to whom it was addressed, with intent to obstruct the correspondence and pry into the business or secrets of

another. This intent renders the opening of such a letter unlawful, and it would add nothing material to call it so. The court takes notice of its illegality. The next objection is the want of an allegation that the letter was sealed. I am of opinion that opening such a letter, though unsealed, with the intent charged, is an offence against this act, and therefore it was not necessary to allege it to have been sealed.

It is further objected that it is not alleged that at the time of the opening, the letter was in the custody of any postmaster, letter carrier, or other person, having lawful charge of the letter. The words of the act do not require that the letter, when opened, should be in the lawful custody of any one; but only that it had been in the post-office, or in the custody of a mail carrier, and was opened before delivery to the person to whom directed. And I do not perceive sufficient reason, why the language should not be literally construed. If a letter should be obtained by fraud or theft from a post-office by one person, and opened by a second, with design to pry into the business or secrets of another, or obstruct his correspondence, I think it would be an offence within this act. And so in any other case which has occurred to me, of a lawful or unlawful custody at the time of the opening, with such intent. But it is said the indictment does not exclude the idea that the letter was written by the defendant, and belonged to him at the time it was opened.

I think it does; for the intent charged in the indictment could hardly exist, if the defendant wrote the letter. Such a case, of a person opening a letter which he had himself written with intent to obstruct the correspondence, or pry into the business or secrets of another, cannot reasonably be supposed possible. But if it were possible, I do not know on what ground I could say it is not within this act. True, the mere opening of a letter by him who wrote it, and put it into the post office, is an innocent act. It may be done to correct a mistake, or for many proper reasons. But doing it for an improper and wicked motive may well enough be declared criminal; and if the legislature use language broad enough to embrace such a case, and it can be proved, in point of fact, in my opinion it must be deemed within the law, and subjects the offender to punishment.

It is further urged, the indictment should have alleged that Ebenezer H. Currier, to whom the letter was directed, was a real person. This proceeds upon one of two grounds; the first is, that letters addressed to real persons, under fictitious names, are not within the protection of the act. I do not think so. Many lawful reasons may exist for writing and receiving such letters. A desire to avoid publicity, though it generally accompanies crime, is also quite consistent with innocence. Much lawful and important correspondence is conducted under fictitious addresses. Nothing is more common than to see requests to address a particular number, or one or more letters of the alphabet. I do not consider it necessary that the address on the letter should have been the true name of any person. The other ground is that it does not appear that the letter was addressed to any real person, by a fictitious or real name. But the indictment charges an intent to obstruct the correspondence, and pry into the business and secrets of one Ebenezer H. Currier. This cannot be proved without showing that there is a real person in existence capable of having correspondence, and business, and secrets, affected by the letter in question, but also that his name is Ebenezer H. Currier. In an indictment for larceny, the property is laid in J. N. I never saw an averment made that J. N. was a real person. The allegation imports it, for none but a real person can hold property. So here the allegation that Ebenezer H. Currier had business, and secrets, and correspondence, imports that he was a real person.

The last objection is, that there is no venue, or time, laid to the allegation of intent. But venue and time are laid to the act of opening, and I am of opinion it was not necessary to lay them to the intent, which it is averred accompanied the act of opening, and so must necessarily have, had its existence when and where the act was done.

The motion to quash is overruled.