## Case No. 16,241.

### UNITED STATES v. SCOTT.

[4 Biss. 29.] [1]

District Court, D. Indiana. May Term, 1865.

INDICTMENT—MISJOINDER OF COUNTS—DEFECTIVE COUNTS—MURDER.

1. Counts for conspiracy can not be joined with counts for murder.

[Cited in Ex parte Hibbs, 26 Fed. 427; U. S. v. Lancaster, 44 Fed. 894.]

[Cited in State v. Lockwood (Vt.) 3 Atl. 540.]

2. In what cases an indictment will be sufficient, which charges the crime in the terms of the statute creating it.

3. Requisites of a good indictment for murder under an act of congress punishing opposition to the enrollment of the national forces.

4. In the national courts there can be no indictment unless some act of congress authorizes it.

[This was an indictment against George T. Scott for murder.]

John Hanna, U. S. Dist. Atty.
McDonald & Roach, for defendant.

McDONALD, District Judge. The indictment in this case contains three counts. The first count, in general terms, charges that the prisoner conspired with divers persons named, to prevent the execution of three distinct acts of congress, the titles of which it recites. The second count charges a like conspiracy with the same persons with a like purpose, and alleges that, in pursuance of that purpose, the prisoner and his co-conspirators assaulted one Eli McCarty while "in the performance of his legal service" in relation to the due execution of said acts of congress, and murdered him. The third count charges that the prisoner, intending to prevent the execution of said acts of congress, assaulted said "McCarty being then and there a person employed in the performance of service relating to the enrollment of the national forces duly ordered by the proper legally constituted authorities," and that while he was thus employed, the prisoner murdered him.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Counsel for the prisoner now move to quash the whole indictment for a misjoinder of counts. They also move to quash each count as being defective on its face.

I. As to the question of a misjoinder of counts. In examining this question, it is not important to consider whether each count in itself is either good or bad. In civil actions there may be duplicity, though a part be ill pleaded. Gould, Pl. 427. So, though some of the counts be defective in an indictment, there may be a misjoinder. This rule, however, would not prevail, where the part supposed to produce the duplicity or misjoinder is mere surplusage. But that is not the case here. The first count in this indictment charges a mere conspiracy, which is only a misdemeanor, or at most a felony not punishable capitally. The second and third charge murder, a capital crime. At common law, the general rule is, that if the legal judgment on each count would be materially different, as in the case of a misdemeanor and a felony, there can be no joinder. Whart. Am. Cr. Law, § 418. Here the judgment on the first count could only be fine and imprisonment. 12 Stat. 284. On the second and third counts, the punishment, on conviction would be death. 13 Stat. 8. Judged, therefore, by the rules of the common law, there is plainly a misjoinder of counts in this indictment.

The district attorney, however, insists that an act of congress on this subject cures this defect. The act referred to provides that "whenever there are or shall be several charges against a person or persons for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses which may be properly joined," the whole may be joined in one indictment. 10 Stat. 162. The latter provision of this act evidently does not alter the common law. Weinzorpflin v. State, 7 Blackf. 186; State v. Smith, 8 Blackf. 489. And, in our opinion, the former part of the statute cited does not help the case. For we can not see from any allegation in the indictment before us, either that all these counts refer to "the same act or transaction," or that they all are "acts or transactions connected together." Indeed, the contrary appears by the indictment itself; for the first and second counts charge a conspiracy between the prisoner and divers other persons; the third charges a murder committed by him alone. The indictment is plainly bad as having a misjoinder of counts. But, as this defect may be cured by a nolle prosequi to some of the counts, we will examine the motion to quash the separate counts.

II. The motion to quash each count as being defective on its face.

1. The first count charges, in general terms, a conspiracy between the prisoner and several other designated persons "to prevent,

hinder, and delay, by force, the execution" of three acts of congress relating to the military, and particularly designated in the indictment. The count is on the act of July 31, 1861, which declares that if two or more persons shall conspire together, by force, to prevent, hinder, or delay the execution of any law of the United States, they shall be deemed guilty of a high crime, &c. 12 Stat. 284. The count is in the words of the act, which, as a general rule, is sufficient; and we think it sufficient in the present case. We hold the first count good.

2. The second count is, in our opinion, clearly bad. It substantially charges a combination between the prisoner and others to prevent, hinder, and delay the execution of certain acts of congress, and that, in attempting to consummate this unlawful purpose, the prisoner murdered Eli McCarty. In the national courts there can be no indictment unless some act of congress authorizes it. There is no act of congress punishing murder committed under the circumstances stated in this count. Such a killing is exclusively cognizable in the state courts.

3. The third count charges that the prisoner did assault, hinder, and impede one Eli McCarty while in the performance of his legal service, under and in pursuance of, and in relation to the due execution of, a law of the United States, &c., he the said Eli McCarty being then and there a person employed in the performance of service relating to the enrollment of the national forces, duly ordered by the proper and legally constituted authorities, in pursuance and by virtue of the laws aforesaid, and murdered said McCarty in that assault. The indictment states these facts with more formality than we have done; but the above is the substance of them. The act of congress under which this indictment is framed, provides that whoever shall "assault, obstruct, hinder, impede, or threaten any officer or other person employed in the performance of any service in any way relating" to the enrollment of the militia, shall be deemed guilty of murder, if, in such opposition to the officer or other person, death shall ensue. 13 Stat. 8. We think the allegations in this count are not sufficiently particular and definite. In indictments for murder, the utmost certainty has always been required. Here it is not stated whether McCarty was an officer or not, or under what or whose authority he was acting. Nor is it stated what particular duties connected with the enrollment of the national forces he was performing at the time of the assault and murder. The indictment indeed alleges that McCarty was "a person employed in the performance of service relating to the enrollment." But it omits to state whether he was an officer or a mere servant of an officer. It says that he was "duly ordered by the proper legally constituted authorities" to perform these duties. But it fails to state who were those

authorities. It avers that certain things were "legally" and "duly" done. But this is merely pleading matter of law. How they were legally and duly done ought to have been averred. All these are very vague allegations in an indictment for murder. Where a man was indicted for stealing coin, the indictment was held bad for not stating the species of coin stolen. Rex v. Fry, Russ. & R. 482. Where an indictment charged that the accused "retarded" an officer in the discharge of his duty, it was held bad for not showing the acts by which the officer was retarded. Rex v. How, 1 Strange, 699.

It is true that the third count follows the words of the act on which it is founded. This, we have already said, as a general rule, is sufficient; and we have applied this rule to the first count. But it is a rule seldom applicable to indictments for capital crimes; and it is subject to many exceptions even in lower offenses. It is, indeed, often difficult to determine when such a mode of pleading may be safely adopted. The supreme court of Indiana say, "as an approximation to a test," that where a statute defines the offense generally, and designates the particular acts constituting it, it is sufficient, in charging the crime, to follow substantially the language of the statute; but where the statute defines the crime generally without naming the particular acts which constitute it, it might be necessary to set out the acts done, so that it might appear to the court whether the acts done amount to the crime. Malone v. State, 14 Ind. 219. We are of opinion that this is a distinction worthy to be followed; and we think it applies even in cases not capital, and is strongly applicable to the case at bar. We are clear that the third count is bad.

Upon this ruling, the district attorney entered a nolle prosequi to the second and third counts. The prisoner thereupon pleaded guilty to the first count, and was sentenced to the penitentiary for six years.

NOTE BY McDONALD, District Judge. The prisoner, George T. Scott, and his co-conspirators were afterwards indicted for the murder of Eli McCarty under the 12th section of the act of February 24, 1864 (13 Stat. 8). One of them pleaded guilty, and died in jail before judgment was pronounced on him. The others, on plea of not guilty, were tried by a jury and found guilty. [Case unreported.] On a motion in arrest of judgment on this verdict, and on a certificate of difference of opinion between Judges Davis and McDonald, the case was transferred to the supreme court of the United States. That court held that there was no act of congress reaching the case, and therefore ordered the judgment to be arrested. And it was arrested accordingly. See 3 Wall. [70 U. S.] 642. All the conspirators, however, stood indicted for conspiracy under the act of July 31, 1861 (12 Stat. 284). To these indictments they pleaded guilty, and were sentenced to the penitentiary for six years.

An indictment must be certain to a certain intent in general. U. S. v. Forrest [Case No. 15,131]; U. S. v. Watkins [Id. 16,649]. It is in general sufficient to describe a statutory offense in the words of the statute. U. S. v.

Lancaster [Id. 15,556]. And it is sufficient if it be substantially set out, though not in the precise words of the statute. U. S. v. Bachelder [Id. 14,490]; U. S. v. Pond [Id. 16,067]; U. S. v. Wilson [Id. 16,730]; U. S. v. La Coste [Id. 15,548]; State v. Cook, 38 Vt. 437; Harrison v State, 2 Gold. 232; Com. v. Turner, 8 Bush, 1. The federal courts have no common law jurisdiction in criminal cases. U. S. v. Wilson [Case No. 16,731]; U. S. v. Worrall [Id. 16,766]; U. S. v. Hare [Id. 15,304]; U. S. v. Hudson, 7 Cranch [11 U. S.] 32. Nothing can be punished under the United States laws which is not made criminal by statute. U. S. v. Lancaster [supra]; U. S. v. Libby [Case No. 15,597]; U. S. v. New Bedford Bridge [Id. 15,867].