## Case No. 11,027.

### Ex parte PETERS.

[4 Dill. 169; 4 Law & Eq. Rep. 232.] [1]

Circuit Court, W. D. Missouri. Aug., 1877.

HABEAS CORPUS—REV. ST. § 1024, CONSTRUED—CUMULATIVE JUDGMENTS.

1. The petitioner for the writ of habeas corpus entered a general plea of guilty, in the district court, to an indictment containing four counts, and setting forth at least two distinct offences of a similar character, and was sentenced to two years imprisonment upon each count, each term commencing at the expiration of the preceding term; after two years, but before the expiration of four years, he applied to be discharged on habeas corpus, on the ground that the court had no authority to render cumulative judgments: *Held*, that the judgment of

the court, when collaterally assailed, was not wholly void, and was good to the extent of four years imprisonment at least.

[Cited in Ex parte Peters, 12 Fed. 462.]

2. Section 1024 of the Revised Statutes construed and applied.

[Cited in Ex parte Hibbs, 26 Fed. 427.]

This is a petition by F. W. Peters for a writ of habeas corpus. The indictment on which petitioner was convicted in the district court of the United States, contains four counts. The first count charges that Peters, on the 28th day of October, 1874, did forcibly break into the post-office at Bucklin, Linn county, Missouri, with the intent to commit larceny therein. The second count charges that the defendant, Peters, on the same day, did steal a certain letter, containing $750, out of the same post-office. The third count charges that Peters, on the 12th day of November, 1874, did forcibly break into the post-office and the building used in part as the post-office at Unionville, Putnam county, Missouri, with the intent to commit a larceny therein. The fourth count charges the stealing, at the same place, and on the same day, and out of the last mentioned post-office, by defendant Peters, of two letters, containing $157 in money.

The defendant pleaded guilty, and was sentenced as shown by the return to the writ of habeas corpus, which return is as follows:

"Now, at this day, comes the warden of the penitentiary of the state of Missouri, and makes return of the writ of habeas corpus issued by order of this court upon the application of said F. W. Peters therefor, and states and certifies to this honorable court, that said F. W. Peters is now held and detained within said penitentiary, and under the custody of the undersigned as the warden thereof, under and by virtue of a commitment issued out of the district court of the United States for the Western district of Missouri, in pursuance of the conviction and sentence of said Peters by said court, which said commitment is as follows:

" 'United States of America, Western District of Missouri. In the District Court of the United States for the Western District of Missouri. Be it remembered: That, at a regular term of the district court of the United States for the Western district of Missouri, begun and holden in the city of Jefferson, in said district, on the first Monday, the 1st day of March, A. D. 1875, and on Monday, March 8th, the following proceedings were had: "Monday, March 8th, 1875. The United States v. F. W. Peters, alias John G. Crawford. Indictment for breaking into post-office and stealing letters therefrom. On this day comes the district attorney, on behalf of the United States; and also comes the defendant, F. W. Peters, alias John G. Crawford, in his own proper person, and by his attorney, N. C. Kouns, and, with leave of court. withdrew his plea of not guilty, heretofore recorded herein, and for plea says he is guilty as char-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission. 4 Law & Eq. Rep. 232, contains only a partial report.]

ged in the indictment preferred against him; and it being forthwith demanded of the defendant if he has anything further to say why the court here should not proceed to pronounce judgment against him, says he has nothing further to say than he hath said. And thereupon, all and singular the premises being seen and fully understood, it is adjudged that the said F. W. Peters, alias John G. Crawford, be imprisoned and confined to hard labor for the term of two years in the Missouri penitentiary, under each count, of four counts of the indictment; the first term to commence on the 8th of March, 1875; the second term to commence on the expiration of the first term of two years; the third term of two years to commence on the expiration of the second term of two years; and the fourth term of two years to commence on the expiration of the third term of two years; and said four terms to constitute a continuous imprisonment of eight years. And it is further adjudged that defendant pay a fine of one dollar." Whereupon the prisoner, F. W. Peters, alias John G. Crawford, is remanded into the custody of the marshal, who is commanded forthwith to deliver the said F. W. Peters, alias John G. Crawford, at the penitentiary of the state of Missouri, into the custody of the warden thereof, together with a copy of this judgment. In witness whereof, I have hereunto subscribed my name and affixed the seal of said court, at my office, in the city of Jefferson, in said district, this 8th day of March, A. D. 1875. [Signed] Alfred S. Krekel, Clerk United States District Court, Western District of Missouri. [Seal.] "'A true copy: George Smith, U. S. Marshal. By S. O. Tenny, Deputy.'

"He further states that said F. W. Peters, alias John G. Crawford, under and by virtue of said commitment, was delivered into the custody of the warden of said penitentiary by the United States marshal, on the 9th day of March, 1875, and that he has since that time been imprisoned and confined at hard labor in said penitentiary; and that his term of imprisonment, according to said commitment, and the judgment, and the sentence therein recited, will not expire until the 8th day of March, 1883. All of which I hereby certify. J. R. Willis, Warden of the Missouri Penitentiary."

The facts set forth in the return of the warden were not contested. Section 1024 of the Revised Statutes, referred to in the opinion, is as follows: "When there are several charges against any person for the same act or transaction, or for two or more acts or transactions of the same class of crimes or offences, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

N. C. Kouns, for petitioner.

A. W. Mullins, Dist. Atty., and M. T. C. Williams, for the United States.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. The case was submitted at the term, and as it involved an important question, time was taken to consider it.

I have given it considerable reflection, and have submitted the record and the arguments to Mr. Justice Miller. He was strongly inclined to the opinion that the most favorable view to the petitioner is that at least two distinct offences were charged, one in the first and one in the third count; that after conviction, by force of section 1024 of the Revised Statutes, these two offences must be treated, in this proceeding, as having been "properly joined," the defendant having taken no exception to the joinder at or before the trial, but having pleaded guilty to the whole indictment, and that, as a consequence, the judgment of the court is good to the extent of four years imprisonment at least: and that since that period has not elapsed, the petitioner is not entitled to his discharge on habeas corpus at this time.

Without going into the learning as to the power to render cumulative judgments in criminal cases, either in felonies or misdemeanors, or whether the offences charged against the petitioner are felonies or misdemeanors, nor what is the effect, logical or legal, of section 1024 of the Revised Statutes upon the rule or doctrine of the common law in this behalf, I concur in the view which impressed Justice Miller as the sound one, and which is above indicated; and I hold that the petitioner is not entitled to his discharge at this time. Whether he can successfully apply to be discharged on habeas corpus at the end of four years, we do not determine.

This case coming before us on habeas corpus, is distinguishable from U. S. v. Maguire [Case No. 15,708]. and, besides, the whole question as to the power of the federal court to render cumulative judgments was in that case expressly left open for further consideration. In this collateral proceeding it must be taken, for the reasons above suggested, that at least two offences were properly joined; and that, although the judgment of the court may have been erroneous, it was not void. The petitioner must be remanded. Ordered accordingly.

[NOTE. The two terms of two years each having expired, the petitioner renewed his application for discharge, alleging that the other sentence of four years was illegal, owing to the fact that distinct offences were improperly joined. The court held, however, that separate offences, growing out of the same transactions, may be joined, and the prayer of the petitioner was denied. 12 Fed. 461.]

See Ex parte Shaffenburg [Case No. 12,696]; Ex parte Parks, 93 U. S. 18.