## *Ex parte* Peters.

### (*Circuit Court, W. D. Missouri.* April, 1880.)

1. INDICTMENT—SEPARATE OFFENCES—DISTINCT COUNTS.

Separate offences of the same class and growing out of the same transactions may be joined in one indictment in separate counts, provided they are such as may be " properly joined."

2. BURGLARY—LARCENY FROM HOUSE—DISTINCT OFFENCES.

A person who breaks into a house with intent to steal therefrom, and actually steals, may be punished under separate indictments for two offences or one, at the election of the power prosecuting him.

3. SAME—HABEAS CORPUS—RELEASE DENIED.

A person sentenced under such an indictment cannot be released on *habeas corpus* on the ground that distinct offences were improperly joined.

*Habeas Corpus.* Petition for release.

McCRARY, C. J. Petitioner was indicted in the United States district court for this district. The indictment contained four counts.

The first count charged the petitioner with burglary in breaking and entering the building used as a post-office at Bucklin, Linn county, Missouri, with intent to commit a larceny, on the twenty-eighth of October, 1874.

The second count charged him with larceny committed at the same time and place by stealing from said post-office a letter containing $307.50.

The third count charged him with burglary in breaking and entering the building used as a post-office at Unionville, Putnam county, Missouri, with intent to commit larceny, on the twelfth day of November, 1874.

The fourth count charged him with larceny at the same time and place named in the third, by stealing from said post-office two letters, one containing the sum of $146.30 in money.

There was a plea of guilty upon all the counts, and the petitioner was sentenced to be imprisoned in the penitentiary of Missouri for the term of two years under each of the four counts, the first term to commence on the eighth of March, 1875; the second to commence on the expiration of the first term of two years; the third term to commence on the expiration of the second term of two years; and the fourth term to commence on the expiration of the third term of two years, and said four terms to constitute a continuous imprisonment of eight years.

On the eighteenth of April, 1877, petitioner applied to this court for release, on the ground that his imprisonment was illegal, and upon full consideration it was then determined that his sentence was valid at least for two terms of two years each, the court being of the opinion that at least two distinct offences were charged, one in the first and one in the third count, and that after conviction, by force of section 1024, Rev. St., these two offences must be treated *in this proceeding* as having been "properly joined."

The question as to the validity of the remainder of the sentence was expressly reserved until it should be presented after the expiration of four years of imprisonment. See 4 Dill. 169.

The two terms of two years each having expired, the petitioner now renews his application for discharge, and we are called upon to determine whether the sentence as to the remaining four years is valid.

The ground of the petitioner's application for discharge is thus stated in his petition now before us:

"And your petitioner alleges that his present imprisonment is illegal, and that he is entitled to be discharged therefrom in this: that he has fully served out the terms of imprisonment imposed upon him for the two burglaries charged in the indictment, and that the other two sentences of two years each were imposed for two separate larcenies, each of which is charged in said indictment to have been committed at the same time and place, and as part and parcel of a burglary whereof this petitioner was duly convicted and sentenced; and your petitioner avers the said sentences to be illegal in this: that the district court had no legal power to sentence this petitioner to imprisonment for a larceny charged to have been committed at the same time and place, and as part of the same act of burglary whereof he was convicted and sentenced."

1. There is no statute of the United States affecting this question, and we are, therefore, to adopt and follow the rule of the common law. Conk. Treat. (5th Ed.) 181.

2. The question tersely stated is whether it was competent for the district court to sentence the petitioner for both burglary and larceny charged in separate counts, but both appearing to be part of the same act.

Section 1024 of the Revised Statutes is as follows:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions of the same class of crimes or offences, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them consolidated."

The effect of this statute is to permit separate offences of the same class and growing out of the same transactions to be joined in one indictment in separate counts, provided they be such as may "be properly joined." It makes no change in the law as it previously existed, except to permit offences which might have been theretofore presented in separate indictments to be presented in separate counts of the same indictment. It leaves entirely open the question whether burglary and larceny, growing out of the same transaction, are such distinct offences as to be properly joined in the same indictment and separately punished.

According to the great weight of authority, it may be regarded as settled that a person who breaks and enters a house with intent to steal therefrom, and actually steals, may be punished under separate indictments for two offences, or one, at the election of the power prosecuting him. 1 Bish. Crim. Law, § 1062, and cases cited.

The case of *Josslyn* v. *Com.* 6 Metc. 236, is directly in point. See, also, *State* v. *Ridley*, 48 Iowa, 370, and *Breese* v. *State*, 12 Ohio St. 146.

The opposite view was ably stated by *Waite*, C. J., in his dissenting opinion in *Wilson* v. *State*, 24 Conn. 57, and his reasoning is so strong that if it were a question of first impression, I should be inclined to adopt his opinion. Looking, however, to the adjudicated cases, I find the law to be very well settled against the position assumed by the counsel for petitioner. I am the more inclined to follow these adjudications in this case because the punishment inflicted might, under the two counts admittedly good, have extended to 10 years' imprisonment. Rev. St. §§ 5469, 5478.

The prayer of the petitioner is denied.

KREKEL, D. J., concurs.

INDICTMENT—DISTINCT OFFENCES. At common law and under section 1024, Rev. St., distinct offences may be joined in the indictment, (*U. S.* v. *Nye*, 4 FED. REP. 888; *U. S.* v. *Callahan*, 6 McLean, 96; *U. S.* v. *Jacoby*, 12 Blatchf. 491;) but they must be of the same class of crime, (*U. S.* v. *Bennett*, 17 Blatchf. 357;) and may be distinct offences (*Case of Lange*, 13 Blatchf. 548) arising out of the same transaction, (*U. S.* v. *Jacoby*, 12 Blatchf. 492;) but a count for conspiracy cannot be joined with a count for murder. *U. S.* v. *Scott*, 4 Biss. 29. Different counts are allowable only on the presumption that they are different offences, and every count so imports on the face of the declaration. *U. S.* v. *Malone*, 9 FED. REP. 900. When separate offences are consolidated into one indictment, with separate counts, a general verdict is proper, and will be sustained, if any of the counts are good, and charge an offence. *U. S.* v. *Stone*, 8 FED. REP. 252; *U. S.* v. *Wentworth*, 11 FED. REP. 52. See *U. S.* v. *Patterson*, 6 McLean, 466; *U. S.* v. *Peterson*, 1 Wood. & M. 305; *U. S.* v. *Seagrist*, 4 Blatchf. 420; *State* v. *Collicutt*, 1 Lea. 714. Two indictments for inveiglement and kidnapping were found against defendant, with the same charges, except as against different persons, and were consolidated under this section. *U. S.* v. *Ancarola*, 1 FED. REP. 677; *U. S.* v. *Stone*, 8 FED. REP. 252.

STEALING FROM THE MAIL. Stealing from the mail is not an infamous crime, and may be prosecuted by information. *U. S.* v. *Wynn*, 9 FED. REP. 886. The offence defined in the statute is committed by secreting, embezzling, or destroying any letter before it is delivered to the person to whom it is directed. *U. S.* v. *Parsons*, 2 Blatchf. 105. And it is not necessary that the name to which a letter is directed should be the true name of the person for whom it is intended. *U. S.* v. *Pond*, 2 Curt. 265. So a decoy letter is within the statute. *U. S.* v. *Cottingham*, 2 Blatchf. 470; *U. S.* v. *Foye*, 1 Curt. 364. And the offence is committed although there be no article of value in the letter. *U. S.* v. *Fisher*, 5 McLean, 23. The stealing is a clandestine taking—not a taking through mistake, or with an innocent intent; the intent must be criminal. *U. S.* v. *Pearce*, 2 McLean, 14. Where a letter is delivered to an authorized agent it cannot be said to be embezzled, and the question of agency

is one of fact for the jury.   *U. S.* v. *Sander,* 6 McLean, 598.   So an errand-boy cannot be convicted under this section.   *U. S.* v. *Driscoll,* 1 Low. 303. The statute does not look beyond a possession obtained wrongfully from the post-office or from a mail carrier.   *U. S.* v. *Parsons,* 2 Blatchf. 105.   So, if a person takes a letter from and out of that part of the post-office building appropriated to the disposal of such letter, he is guilty of stealing the letter from and out of the post-office, although he does not remove it out of the building.   *U. S.* v. *Marselis,* 2 Blatchf. 109.   After the voluntary termination of the custody of the letter by the post-office or its agents, the rights of the real proprietor are under the guardianship of the local law, and not of the United States.   *U. S.* v. *Parsons,* 2 Blatchf. 105.   But see *U. S.* v. *McCready,* 11 FED. REP. 225, where it decides that "the act of congress was designed to protect letters sent by mail from embezzlement until they reach their destination, by actual delivery to the person entitled to receive them."—[ED.