## UNITED STATES *v.* GRIMM.

*(District Court, E. D. Missouri, E. D.  May 21, 1892.)*

No. 3,406.

1. MAILING OBSCENE LETTERS—INDICTMENT.
    An indictment under Rev. St. U. S. § 3893, for mailing letters giving information where obscene pictures can be obtained, is not bad because the letters, as set out in the indictment, do not in themselves show that the pictures referred to are obscene, where the indictment further avers that the accused had in his possession a large number of obscene pictures, and that said letters were written and deposited in the mail with intent to give information concerning such pictures, and did in fact convey such information.

2. SAME—EVIDENCE.
    In prosecutions under said section, where the letters complained of, to a casual reader, appear to be harmless, the government is entitled to allege and prove by extrinsic evidence that they in fact give information concerning obscene pictures or literature, and were so intended.

3. SAME—INDICTMENT.
    The indictment is not bad because it charges that letters addressed respectively to Herman Huntress and William W. Waters were intended to and did convey information to Robert W. McAfee where obscene pictures could be obtained, since it is neither impossible nor improbable that the names Huntress and Waters were assumed names.

**4. SAME—DECOY LETTERS.**
> The offense charged does not lose its criminal character though the letters were sent in response to an inquiry made under an assumed name by a government official, with a view of detecting the accused in the commission of an offense, since it does not appear that the accused was solicited to use the mails and thus to commit an offense.

At Law. Indictment against William Grimm for mailing lewd, lascivious, and obscene letters, in violation of Rev. St. U. S. § 3893. A demurrer to a former indictment was sustained on the ground of uncertainty in the allegations, (45 Fed. Rep. 558,) whereupon the defendant was reindicted. Verdict of guilty. The case is now heard on motion for new trial and motion in arrest of judgment. Overruled.

The letters as set out in the indictment were as follows:

"WM. GRIMM, PHOTOGRAPH AND ART STUDIO, N. E. COR. OF JEFFERSON AVENUE AND OLIVE STREET.

"ST. LOUIS, July 22, 1890.

"*Mr. Huntress, Richmond*—DEAR SIR: I received your letter this morning. I will let you have them for $2.00 per doz. & $12.50 per 100. I have about 200 negatives of actresses.

"Respectfully, WM. GRIMM."

"WM. GRIMM, PHOTOGRAPH AND ART STUDIO, N. E. COR. OF JEFFERSON AVENUE AND OLIVE STREET.

"ST. LOUIS, July 21, 1890.

"MR. WM. WATERS: Yours at hand, the 21st. I will make them for $2.00 per doz. and $12.50 per 100.

"Address: WM. GRIMM, N. E. Cor. Olive and Jefferson, St. Louis, Mo.

"P. S. Different sisses."

It was alleged in the indictment, in substance, that at the time of depositing the letters in the mail the defendant had in his possession a large number of lewd, lascivious, and obscene pictures; that the letters in question were written and deposited in the mail with intent to give information to one Robert McAfee where such pictures could be obtained, and that they did give such information.

*Geo. D. Reynolds,* U. S. Atty.

*D. P. Dyer* and *Louis A. Steber,* for defendant.

THAYER, District Judge. The motions in arrest and for a new trial present three questions.

1. The first is whether the indictment is bad, because the letters set out in the indictment and alleged to be nonmailable do not in themselves show with certainty that the pictures therein referred to are either lewd, lascivious, or obscene. This question was considered to some extent during the trial, and has since been more carefully considered. The court decides the question in the negative. It holds that a letter is nonmailable if it in fact conveys, and was intended to convey, information to any person where obscene pictures or literature may be obtained, even though to a casual reader it may seem harmless. The court further holds that in a prosecution of this character the government is not

confined to the letter itself, but may show by any competent extrinsic testimony that the letter gives information which the statute prohibits being given through the mail, and that it was in fact intended to convey such information. If the character of a letter cannot be thus shown by extrinsic facts, the statute under which this indictment is drawn could be easily evaded and would prove a dead letter.

2. The next question is whether the indictment is bad because it is alleged that the letters addressed to Herman Huntress and William W. Waters conveyed information, and were intended to give information, to one Robert W. McAfee where lewd and obscene pictures could be obtained. This question must be decided in the negative, for the reason that it is not impossible, or even improbable, that a letter addressed to Huntress or Waters may have given and may have been intended to give information to a person whose real name was McAfee. The letters may have been addressed to a person under an assumed name, and the proof adduced at the trial showed that such was the fact. McAfee had written two letters to the defendant under assumed names, and in reply thereto had received the two letters counted upon in the indictment, —the one addressed to Huntress and the other to Waters. It certainly cannot be maintained that the mailing of a letter containing information as to obscene pictures is not an offense because it is sent to a person under an assumed name. *U. S.* v. *Cottingham,* 2 Blatchf. 470.

3. The next inquiry is whether the act complained of—that is to say, the deposit of nonmailable letters in the mail—loses its criminal character because the letters were sent to a person in the service of the post office department, in response to an inquiry made by that person under an assumed name, and for the purpose of detecting the defendant in the commission of a crime. This question must be decided in the light of authority, and without reference to the other question that has sometimes been discussed, whether a person is ever justified in resorting to artifice or deception for the purpose of discovering crime. In view of what seems to be the weight of authority at the present time, the court is compelled to decide the question last stated in the negative. If a letter gives information where obscene books or pictures can be obtained, it is an offense to deposit such a letter in the mail with intent to give such information, and thereby to aid in the sale and distribution of such books and pictures, even though the party addressed happens to be an official in the service of the government. And, if such act is done voluntarily and intentionally,—that is to say, if the nonmailable letter is deposited in the mail by the accused without solicitation on the part of the officer that the mail be used to convey such intelligence,—the weight of judicial opinion seems to be that the act does not lose its criminal character, though the offense may have been committed in responding to an inquiry from a person in the government service which was made under an assumed name for the purpose of concealing his identity. *Bates* v. *U. S.,* 10 Fed. Rep. 92, 100; *U. S.* v. *Bott,* 11 Blatchf. 346; *People* v. *Noelke,* 94 N. Y. 137, 142; *Excise Com.* v. *Backus,* 29 How. Pr. 33, 39, 42; *U. S.* v. *Moore,* 19 Fed. Rep. 39; *U. S.* v. *Wight,* 38 Fed. Rep.

106, 109, 111; *U. S.* v. *Dorsey*, 40 Fed. Rep. 752; *U. S.* v. *Whittier*, 5 Dill. 35, 39; *U. S.* v. *Foye*, 1 Curt. 364. It cannot be regarded as a valid excuse for a crime that some one has afforded the accused a convenient opportunity to commit it, for the purpose of testing his honesty. Unfortunately it seems to be necessary to apply such tests in order to suppress offenses of a certain class. In the case at bar the evidence did not show that the accused was solicited to commit the offense charged in the indictment. The selection of the public mail as the medium for giving information where the most lewd and indecent pictures could be obtained was the voluntary act of the defendant, and he is criminally responsible therefor. The motions for a new trial and in arrest are therefore overruled.

N. B. The judgment and sentence in the foregoing case was imprisonment in the penitentiary of the state of Missouri for and during the term of one year and one day, to be kept at hard labor during said term.