Ex parte PEEKE.

(District Court, D. New Jersey. April 6, 1906.)

1. CRIMINAL LAW—EXCESSIVE SENTENCE—EXTENT OF INVALIDITY.

Where a court has exceeded its power in imposing sentence on a person convicted of crime, the sentence is void only as to the portion of it which exceeds the limit fixed by law, when such portion is separable and may be dealt with without disturbing the valid part.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, § 2528.]

2. SAME—CONVICTION ON DIFFERENT COUNTS—CUMULATIVE SENTENCES.

Where a defendant has been convicted in a federal court upon two or more counts in the same indictment, each charging a separate offense, the court has power to impose successive sentences on such several counts.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, §§ 2504–2508.]

3. SAME—JUDGMENT CONSTRUED.

Petitioner was found guilty on five counts of an indictment under Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], each charging a separate conspiracy to commit an offense against the United States, and was given a single sentence of confinement in a penitentiary for a term of five years. Said section 5440 provides that a person convicted of a violation thereof shall be liable to a fine "or to imprisonment for not more than two years, or to both fine and imprisonment." *Held,* that the judgment must be construed as a single sentence for five years, and not as one for cumulative sentences on the five counts, no one exceeding two years, and that as so construed it was void as to the excess above two years.

On Petition for Discharge on Writ of Habeas Corpus.

Scott Scammell, for petitioner.

John P. Nields, U. S. Atty., and Harrison P. Lindabury, Asst. U. S. Atty.

LANNING, District Judge. The facts in this case are as follows: At the January term, 1904, of the United States District Court for the District of Delaware, the petitioner and one other person were indicted under section 5440 of the Revised Statutes [U. S. Comp. St. 1901, p. 3676] for conspiracy to commit an offense in violation of section 5501 of those statutes. [U. S. Comp. St. 1901, p. 3709.] The indictment contained 16 counts, and on August 2, 1904, the defendant having been convicted by a jury upon five of the counts, the following judgment was pronounced against him:

"And now, to wit, this second day of August, A. D. nineteen hundred and four, the district attorney moves for judgment. And it appearing to the court that the jury has found the said Erastus Carl Benedict Peeke, alias Benedict Peeke, guilty in manner and form as he stands indicted in the third, fourth, fifth, sixth, and sixteenth counts of the indictment returned against him in the above-entitled cause on the twenty-fourth day of February, A. D. nineteen hundred and four, it is considered and adjudged by the court now here that you, Erastus Carl Benedict Peeke, alias Benedict Peeke, do forfeit and pay to the United States a fine of three thousand dollars and costs of this prosecution; and further that you, Erastus Carl Benedict Peeke, alias Benedict Peeke, be imprisoned in the New Jersey state prison at Trenton, New Jersey, for the term of five years, beginning on this day and ending on the first day of August, A. D. nineteen hundred and nine. And it is further considered,

adjudged, and ordered by the court now here that you, Erastus Carl Benedict Peeke, alias Benedict Peeke, be now committed to the custody of the marshal of the United States for the District of Delaware in order that the foregoing sentence may be carried into execution."

In accordance with this judgment, the petitioner on August 2, 1904, was delivered to the keeper of the New Jersey state prison, where he has been confined since that time. Section 5440 of the Revised Statutes provides that:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars or to imprisonment for not more than two years, or to both fine and imprisonment, in the discretion of the court."

The congressional act of June 21, 1902, entitled, "An act to regulate commutation for good conduct for United States prisoners" (32 Stat. 397, c. 1140 [U. S. Comp. St. Supp. 1905, p. 731]), provides that each prisoner convicted of any offense against the laws of the United States, and confined, in execution of the judgment or sentence upon any such conviction, in any prison for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence, where the sentence is more than one year and less than three years, of six days for each month. In his return to the writ of habeas corpus the keeper of the prison certifies that:

"The said Erastus Carl Benedict Peeke has faithfully observed the rules and regulations governing said state prison, and has not been subjected to any punishment during his term of imprisonment therein."

The petitioner does not say that he has paid the fine imposed on him, and it must therefore be assumed that he has not paid it. He claims that the maximum term of imprisonment that could have been imposed on him by the District Court of Delaware was two years, and that he is entitled to have deducted from that term, for good conduct, 6 days for each of the 24 months composing the term, and consequently to be now discharged. It has often been said by the Supreme Court, as well as by inferior federal courts, that a writ of habeas corpus cannot be used as a writ of error. Where, however, it appears upon the return to a writ of habeas corpus that the petitioner is restrained of his liberty by virtue of a judgment made without authority of law, the petitioner will be discharged. And where the petitioner has been lawfully convicted of a crime, and the court has exceeded its power in imposing sentence, the sentence will be void only as to the portion of it that exceeds the limit fixed by law, if that excess be separable from the residue of the sentence. Thus in Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872, where the statute conferred power to punish by fine or imprisonment and the court imposed fine and imprisonment, the petitioner, who had paid the fine, was on a writ of habeas corpus discharged from imprisonment. And in United States v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631, where it

appears that one of the district courts of Oklahoma Territory imposed upon the defendant imprisonment in the Ohio state penitentiary at hard labor for the term of five years, the incorporation in the sentence of "hard labor" not being authorized by the particular statute under which Pridgeon was convicted, the court said:

"Without undertaking to review the authorities in this and other courts, we think the principle is established that, where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to question and attack. In other words, the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess when such excess is separable and may be dealt with without disturbing the valid portion of the sentence."

And in De Bara v. United States, 99 Fed. 942, 40 C. C. A. 194, the Circuit Court of Appeals for the Sixth Circuit (at page 947 of 99 Fed., at page 198 of 40 C. C. A.) said:

"As long as he [a prisoner seeking to be discharged upon habeas corpus] is serving an imprisonment within the limits of a term which the court might lawfully impose, acting within its power and jurisdiction, he cannot be discharged on habeas corpus, no matter how irregular or erroneous the judgment may be."

The petitioner has annexed to his petition a certified copy of the five counts of the indictment upon which he was convicted. They set forth five distinct crimes of the same class. They were, therefore, properly included in one indictment under the provisions of section 1024 of the Revised Statutes [U. S. Comp. St. 1901, p. 720]. This section was first enacted into Law Feb. 26, 1853, c. 80, 10 Stat. 162. Although for some years there was doubt as to whether cumulative sentences could be imposed where a verdict of guilty had been found upon two or more counts in one indictment, each setting forth a separate crime, the generally accepted opinion now is that in such cases successive sentences may be imposed. The following cases are referred to as showing the development of the rule of construction on this point: United States v. O'Callahan, 6 McLean, 596, Fed. Cas. No. 15,910, decided in 1855; People v. Liscomb, 60 N. Y. 587, 19 Am. Rep. 211, decided in 1875; United States v. Maguire, Fed. Cas. No. 15,708, decided in 1876; Ex parte Peters, 4 Dill. 169, Fed. Cas. No. 11,027, decided in 1877; United States v. Bennett, 17 Blatch. 357, Fed. Cas. No. 14,572, decided in 1879; Ex parte Peters (C. C.) 12 Fed. 461, decided in 1880; Ex parte Hibbs (D. C.) 26 Fed. 422, decided in 1886; United States v. Patterson (C. C.) 29 Fed. 778, 779, decided in 1887; In re Greenwald (C. C.) 77 Fed. 594, 595, decided in 1896.

The judgment of the District Court of Delaware did not in express terms require the petitioner to be imprisoned until he should pay the fine imposed upon him. While there is no statute of the United States expressly authorizing the imprisonment of a person upon whom a fine has been imposed until it is paid, yet such sentences are often imposed by virtue of the implied power derived from sections 1041 and 1042 of the Revised Statutes [U. S. Comp. St. 1901, p. 724]. See In re Green-

wald, supra. But in this case no imprisonment for nonpayment of fine was imposed, and clearly the petitioner's imprisonment cannot be continued for the mere reason of such nonpayment. Inasmuch as the maximum term of imprisonment for which the petitioner could have been confined for a single offense was two years, the judgment imposing upon him imprisonment for a period of five years is not merely erroneous, but absolutely void as to the excess over the term of two years, unless that judgment can be construed as one for cumulative sentences on the five counts of the indictment, with no single sentence exceeding two years. The counsel for the government have suggested that it should be so construed. But how can that be done? Shall it be said that the judgment was for five successive sentences of one year each? If so, it is bad for the reason stated in the Mills Case, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107, in which case it was held that, where a statute of the United States prescribing a punishment by imprisonment does not require that the accused shall be confined in a penitentiary, a sentence of imprisonment cannot be executed by confinement in a penitentiary unless the sentence is for a period longer than a year. Section 5440 [U. S. Comp. St. 1901, p. 3676], under which the petitioner was convicted, does not require a convict under that section to be confined in a penitentiary. And in Dimmick v. Tompkins, 194 U. S. 540, 24 Sup. Ct. 780, 48 L. Ed. 1110, it appears that Dimmick was convicted on an indictment containing two counts alleging distinct crimes. A single sentence of imprisonment for two years in the California state prison was imposed. Dimmick insisted that the judgment was void because, as he alleged, the United States District Court sentenced him for one year, and no more, upon each of the two counts, and that, under the rule stated in the Mills Case, his imprisonment was unlawful. But in commenting on the case the Supreme Court said:

"It is also objected that the sentence is void because it directs imprisonment in the state prison for a period that does not exceed one year on each count of the indictment, and In re Mills, 135 U. S. 263, 268, 10 Sup. Ct. 762, 34 L. Ed. 107, is cited to sustain the proposition. In that case the prisoner was sentenced upon two indictments to imprisonment in the penitentiary, in one case for a year and in the other for six months, and it was held that the imprisonment was in violation of the statutes of the United States. See Rev. St. §§ 5541, 5546, 5547 [U. S. Comp. St. 1901, pp. 3721, 3723, 3724]. In the case at bar the sentence was for two years upon one indictment, and there is no statement in the record that there was a separate sentence, each for one year, upon the first and fourth counts of the indictment. In this we think there was no violation of the statute, and the sentence was therefore proper and legal. The appellant may have been sentenced upon one count only for two years. Although for some purposes the different counts in an indictment may be regarded as so far separate as to be in effect two different indictments, yet it is not true necessarily and in all cases. But this record shows a sentence for two years to the state prison, and there is nothing to show the court was without jurisdiction to impose such sentence for the crime of which the defendant was convicted."

It is quite as impossible to construe the judgment now before me as one for imprisonment for five successive terms of one year each, or as one for any other number of terms of more than one year, and not more than two years each, as it was for the Supreme Court to construe the

judgment in the Dimmick Case as one for imprisonment for two successive terms of one year each. The judgment under which the petitioner in the present case was imprisoned is unquestionably a single judgment for a single term of five years. If there is anything in the record of the case in the District Court of Delaware, or in the private memoranda of the trial judge, indicating that the judgment actually pronounced was one for successive terms of imprisonment, and that there was a clerical error in entering it, it may, perhaps, before deciding to discharge the petitioner, be the duty of this court to afford that court an opportunity to have the error corrected, notwithstanding the term in which the judgment was entered long since expired; for the power of a court to correct a clerical error in a judgment entered at a previous term is often recognized. At common law it could be done on a writ of error coram vobis. In recent times it has often been done by motion. Bank of United States v. Moss, 6 How. 38, 12 L. Ed. 331; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Phillips v. Negley, 117 U. S. 665; 6 Sup. Ct. 901, 29 L. Ed. 1013; In re Wight, 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865; In re Welty (D. C.) 123 Fed. 126, 127.

Section 761 of the Revised Statutes [U. S. Comp. St. 1901, p. 594], concerning proceedings on writs of habeas corpus, provides that:

"The court or justice or judge shall proceed in a summary way to determine the facts of the case by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require."

Under the authority of that section the Supreme Court in the Medley Case, 134 U. S. 160, 10 Sup. Ct. 384, 33 L. Ed. 835, although deciding that the petitioner was entitled to be discharged, ordered that, in view of the peculiar circumstances of that case, the warden of the prison in which the prisoner was incarcerated should notify the Attorney General of the state of Colorado of the day, and hour of the day, when he would discharge the petitioner from imprisonment, and that such notice should be given at least 10 days before the release of the petitioner. And in the Bonner Case, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149, Mr. Justice Field (at page 261 of 151 U. S., page 327 of 14 Sup. Ct. [38 L. Ed. 149]) said:

"It would seem that in the interest of justice and to prevent its defeat this court might well delay the discharge of the petitioner for such reasonable time as may be necessary to have him taken before the court where the judgment was rendered, that the defects for want of jurisdiction which are the subject of complaint in that judgment may be corrected."

The conclusion reached in this case is that, notwithstanding there is nothing in the record of the case before this court upon which an amendment of the judgment can be made, the petitioner should not be discharged before a reasonable opportunity is given to the District Court of Delaware to correct the judgment, if there be anything in the records of that court justifying the amendment.

Accordingly the determination of the matter will be continued until Monday, April 16, 1906. If, on that day, the record of the case in this court shall remain as it now is, an order discharging the petitioner will be signed.