### LYNCH v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 9, 1922.)

No. 3128.

Post office ⬤⇒31—Pictures culled from works of art may be indecent.

    Where the pictures of nude women sent by defendant through the mails, whether culled from works of art or elsewhere, were selected in large quantities without reference to art, but for the purpose of profitably pandering to the lewd and lascivious, a conviction for sending indecent pictures through the mails may be warranted, under Criminal Code, § 211 (Comp. St. § 10381).

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

William J. Lynch was convicted of sending indecent pictures through the mails, and he brings error. Affirmed.

William E. Fain, of Springfield, Ill., for plaintiff in error.

Wm. B. Schroder and Thos. F. Smith, both of Springfield, Ill., for the United States.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PER CURIAM. Plaintiff in error was found guilty of violating section 211 of the Criminal Code (Comp. St. § 10381) in sending through the mails copies of photographs of nude women in great variety of poses. They were sent by registered mail in packages of 50 of the different poses, and it is contended, among other things, that the pictures are works of art, and do not fall within the condemnation of the statute.

While situations may arise where it is difficult to determine whether the statute has application, we do not feel that such difficulty here exists. Under the evidence it is too plain for controversy that these pictures, whether culled from so-called works or elsewhere, were selected, sold, and distributed in large quantities, without reference to art or art studies, but wholly for the purpose of profitably pandering to the lewd and lascivious. Under all the circumstances the jury was warranted in concluding that the pictures were in fact obscene, lewd, and lascivious, and within the purview of the statute. Neither do we find merit in the other asserted grounds for reversal.

No error appearing, the judgment is affirmed.