**UNITED STATES of America**

v.

**Jay HORNICK and Jesse Traub.**

**Crim. No. 18042.**

United States District Court
E. D. Pennsylvania.

May 18, 1955.

Joseph L. McGlynn, Jr., Asst. U. S. Atty., Philadelphia, Pa., for United States.

Harry W. Steinbrook, Blanc, Steinberg, Balder & Steinbrook, Philadelphia, Pa., for defendants.

MARSH, District Judge.

After conviction by the court sitting without a jury [of two counts of the offense of depositing in the mail information on how to obtain obscene pictures: § 1461, 18 U.S.C.], the defendants filed motions in arrest of judgment and for a new trial.

The motion in arrest of judgment rests solely upon the ground that the statute is not sufficiently definite to apprise the defendants of the crime with

which they are charged. In support of their position they cite Winters v. People of State of New York, 1948, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840. We have no quarrel here with that case. In fact, the meaning we get from it indicates that this motion is without merit. The Winters case classified indefinite statutes into two categories: (1) "permissible uncertainty"; and (2) "unconstitutional vagueness". Into the second category the Court placed the statute there under consideration. This forbade "massing stories to incite crime". But into the first category the Court placed those statutes which dealt with "obscene, lewd, lascivious, filthy, indecent or disgusting" words which are used in "describing crimes" and which are "well understood through long use in the criminal law * * *." 333 U.S. at page 518, 68 S.Ct. at page 671. Therefore, we are constrained to hold that the statute in question, 18 U.S.C. § 1461 (1952), is sufficiently definite to sustain an indictment based thereon. See also Rosen v. United States, 1896, 161 U.S. 29, 40, 16 S.Ct. 434, 40 L.Ed. 606; and United States v. Rebhuhn, 2 Cir., 1940, 109 F.2d 512, 514. "If the question [of the validity of the statute] is to be reopened the Supreme Court must open it." United States v. Rebhuhn, supra.

■ Various arguments for a new trial are persuasively set forth in defendants' excellent and comprehensive brief. The crux of their contentions seems to be that the court was in error in concluding that the pictures sent by Railway Express were obscene. There is little to add to what we have already said in the finding of fact and the discussion accompanying them. That which is obscene will vary from case to case, and pictures which are in one setting works of art may, against a different background, be declared obscene. See Lynch v. United States, 7 Cir., 1922, 285 F. 162.

■ We observe that the import of carefully considered opinions relating to writings is that a vital feature of whether or not a particular book or article is obscene is the subjective intent of the author. The courts inquire into the purpose of the book or matter alleged to be obscene and the object of its progenitor in writing or assembling the material for sale and distribution. Thus if two different persons would write about the same matter or, as here, collect and distribute the same pictures, one book or group of pictures may be declared obscene and the other not. Facts above and beyond the actual subject matter may be determinative. See Parmelee v. United States, 1940, 72 App.D.C. 203, 113 F.2d 729; United States v. One Book Entitled Ulysses, D.C.S.D.N.Y.1933, 5 F.Supp. 182, affirmed by opinion, 2 Cir., 1934, 72 F.2d 705.

Weighing heavily against the defendants at bar are the two advertising circulars sent in sequence through the mails.[1] This familiar plan capitalizes on a human trait to sample forbidden fruit. The preliminary circular was certainly designed to encourage prospects, including the adolescent and perverted, to purchase "Sex-sational" pictures. The succeeding circular, accompanying delivery of the first group of pictures (the obscenity of which we doubted), was mailed to "Our Exclusive Mailing List Customers". It solicited orders of "Better" pictures which "cannot be sent through the mail" and are "Not Sold to Minors". In our judgment, this insidious background, which commercializes on sex, panders to the lewd, and tempts the young, taints with obscenity the second group of pictures of naked women delivered by Railway Express.[2]

■ Defendants stress one more point that should be mentioned, namely, that concerning scienter. This was clearly settled by the Supreme Court in Rosen v.

1. Findings of Fact, Nos. 7 and 8.

2. The defendants could have been indicted for sending the obscene pictures by Railway Express, 18 U.S.C. § 1462 (1952).

United States, supra, 161 U.S. at pages 41–42, 16 S.Ct. at page 438:

"This request for instructions was intended to announce the proposition that no one could be convicted of the offence of having unlawfully, wilfully, and knowingly used the mails for the transmission and delivery of an obscene, lewd, and lascivious publication—although he may have had at the time actual knowledge or notice of its contents—unless he knew or believed that such paper could be properly or justly characterized as obscene, lewd, and lascivious. The statute is not to be so interpreted. The inquiry under the statute is whether the paper charged to have been obscene, lewd, and lascivious was in fact of that character; and if it was of that character and was deposited in the mail by one who knew or had notice at the time of its contents, the offense is complete, although the defendant himself did not regard the paper as one that the statute forbade to be carried in the mails. Congress did not intend that the question as to the character of the paper should depend upon the opinion or belief of the person who, with knowledge or notice of its contents, assumed the responsibility of putting it in the mails of the United States. The evils that congress sought to remedy would continue and increase in volume if the belief of the accused as to what was obscene, lewd, and lascivious was recognized as the test for determining whether the statute has been violated. Every one who uses the mails of the United States for carrying papers or publications must take notice of what * * * is meant by decency, purity, and chastity in social life, and what must be deemed obscene, lewd, and lascivious."

We think the reasoning in the Rosen case applies with equal force to mailing written information on how to obtain pictures which were in fact obscene. Thus, the offense is complete even though the defendants believed the pictures referred to were not obscene. In our opinion, the convictions on both counts should stand in the light of the evidence, the weight of the evidence and the law.

The motion in arrest of judgment and the motion for a new trial will be denied in an appropriate order.