**UNITED STATES of America**

v.

**Jay HORNICK, Appellant.**

**UNITED STATES of America**

v.

**Jesse TRAUB, Appellant.**

**Nos. 11667, 11668.**

United States Court of Appeals
Third Circuit.

Argued Dec. 21, 1955.

Decided Jan. 20, 1956.

Harry W. Steinbrook, Philadelphia, Pa. (Blanc, Steinberg, Balder & Steinbrook, Philadelphia, Pa., on the brief), for Jay Hornick and Jesse Traub, appellants.

Joseph L. McGlynn, Jr., Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a conviction under section 1461 of title 18 U.S.C.[1] The subject matter of the section is described in the catch line as "Mailing obscene or crime-inciting matter". The defendants were indicted in a single indictment containing six counts. The case, by stipulation of counsel, was tried by the court without a jury. The judge, as fact finder, found for the defendants on four of the counts and against them on two.

The two counts on which they were found guilty charge that on different dates the defendants knowingly mailed an envelope containing advertisements[2] and a notice[3] giving information as to where and how obscene pictures and publications might be obtained. It is to be noted that the counts on which the trial judge found the defendants guilty are not those charging the mailing of

---

1. United States v. Hornick, Criminal No. 18,042, E.D.Pa., March 24, 1955; United States v. Hornick, D.C.E.D.Pa.1955, 131 F.Supp. 603.

2. Count II. "That on or about May 13, 1954, in Philadelphia, in the Eastern District of Pennsylvania, defendants, Jesse Traub and Jay Hornick, knowingly deposited for mailing an envelope addressed to Jack Nugent, P. O. Box 283, Harrisburg, Penna., which envelope contained two advertisements giving information as to where obscene pictures and publica-

tions might be obtained, in violation of Title 18 U.S.C. Section 1461."

3. Count III. "That on or about August 28, 1954, at Philadelphia, in the Eastern District of Pennsylvania, defendants, Jesse Traub and Jay Hornick, knowingly deposited for mailing an envelope addressed to Jack Nugent, P. O. Box 283, Harrisburg, Pennsylvania, which envelope contained a notice giving information as to how certain obscene pictures might be obtained, in violation of Title 18 U.S.C. Section 1461."

obscene matter but for mailing advertisements and a notice giving information where and how obscene matter could be obtained. This is one of the matters included in section 1461 above cited.

That section declares certain matter nonmailable and provides punishment for one who knowingly deposits for mailing matter declared by the section to be nonmailable. The fourth paragraph of the section declares nonmailable "[e]very written or printed card * * * advertisement, or notice of any kind giving information, directly or indirectly, where, or how, or from whom, or by what means any of such mentioned matters, articles, or things may be obtained * * *."

It will be seen that advertising or giving information about any of these nonmailable things, if done by mail, is made a crime in the same fashion as the use of the mails to send any of the prohibited articles.

Did the defendants use the mails for such advertising? The court has made findings of fact which are not disputed. They show the nature of the advertisements which the defendants made. One advertisement was sent out in the name of the Burlesque Historical Company whose only officers are the defendants and who, except for a one day a week stenographer, are the only employees of the company. This advertisement, sent by mail, represents to the recipient that he could secure:

"SEX-sational
for the
FIRST TIME
All Revealing
Color
Photographs
of
BURLESQUE QUEENS"

The "actual photographs" promised were to bring out "every Charm of the Female Form Devine (sic)." And the female forms were to be shown in the "SEXIEST OF POSES." A sample was enclosed with the circular.

A second advertisement was mailed by defendant Traub to a prospect also under the name of "Burlesque Historical Company." This advertisement went further than the first. The customer was promised "NATURAL BEAUTY IN FULL COLOR," "BETTER THAN THE MARILYN MONROE CALENDAR." It was stated "These cards cannot be sent through the mail—So this should give you an idea of their nature and what we are talking about! 'Nuff said?" The prospect was warned that the material is not sold to minors and again told that it cannot be sent through the mail.

We have no doubt that the whole tone of both of these advertisements gives the leer that promises the customer some obscene pictures. Indeed, it has been held that under this section the announcement itself is not required on its face to promise obscene material if that is its purpose.[4] But here the represented nature of what the customer is to receive is, we think, too clear for argument.

When the case was presented to the court a great deal of the discussion by counsel on each side had to do with whether the specimens of nude or nearly nude "art" fell within the description of obscenity. We do not think that matters. As the Seventh Circuit said in De Gignac v. United States, 1902, 113 F. 197, 201, certiorari denied 1902, 186 U.S. 482, 22 S.Ct. 941, 46 L.Ed. 1266: "The offense here denounced is the giving of information by mail where obscene matter may be obtained. Any communication by mail which does this is actionable. The gist of the offense is the giving of the information by mail. It is not necessary to aver ownership or possession of the obscene matter."

As we have already said, information as to where such obscene matter can be obtained shouts loudly from the words

**4.** United States v. Grimm, D.C.E.D.Mo. 1892, 50 F. 528, affirmed 1895, 156 U.S. 604, 15 S.Ct. 470, 39 L.Ed. 550; De Gignac v. United States, 7 Cir., 1902, 113 F. 197, certiorari denied 1902, 186 U.S. 482, 22 S.Ct. 941; cf. Wetzel v. United States, 9 Cir., 1916, 233 F. 984, certiorari denied 1917, 242 U.S. 648, 37 S.Ct. 242, 61 L.Ed. 544.

used by the advertising of the defendants. We do not think it is necessary that representations made in these advertisements be true. The statute says "advertisement * * * giving information." The statute does not say that the advertisement must be true or that the information must be accurate. What is forbidden is advertising this kind of stuff by means of the United States mails. We think that the offense of using the mails to give information for obtaining obscene matter is committed even though what is sent in response to the advertisement to the gullible purchasers is as innocent as a Currier and Ives print or a Turner landscape.

It is not, therefore, necessary for us to determine whether these pictures were obscene. The defendants did purport to give information as to where obscene matter could be obtained. That is enough to make them guilty under the statute.

Their guilt under count III is equally clear. On August 28, 1954, defendant Traub mailed a letter to a prospect advising him that additional photographs would be sent upon the receipt of a money order covering shipping costs. Although on its face the letter is harmless, its purpose is not. It is addressed to one who in response to the advertising has already secured a group of photographs. It tells him how to get more. The letter is tainted by its sender's objective and guilt is established under the statute.[5]

A distinction was suggested between the criminal liability of Traub, who is the general manager of the Burlesque Historical Company, and Hornick, who is its president. It is argued that Hornick is not liable because he did not personally mail the advertisements and the letter. The trial court has made findings of fact which to us pretty clearly establish sufficient connection of Hornick with the transaction to make him equally liable.

It is found:

"All checks of the corporation, including the compensation of Traub, the stenographer and the refund checks, were signed by defendant Hornick.

"Defendant Hornick knew of Traub's activities in relation to the pictures. He was consulted, gave advice, and permitted the use of his name in the enterprises of Burlesque Historical Company.

"Although the defendant Hornick did not personally mail any letters containing information as to where obscene pictures could be obtained, he aided, abetted and counselled the defendant Traub in violating the statute in this respect."

Bearing in mind that an accessory is under the federal statute liable as a principal,[6] we think the facts shown leave no doubt as to Hornick's responsibility. Cf. Tresca v. United States, 2 Cir., 1924, 3 F.2d 556, and cases cited therein.

There is a finding of fact that the defendants thought the pictures they sent were not obscene. That this makes no difference was held by the Supreme Court in Rosen v. United States, 1896, 161 U.S. 29, 41, 16 S.Ct. 434, 480, 40 L. Ed. 606. That case is still the law. In any event there was no finding that they thought that the advertisements or the letter did not refer to obscene pictures. And such a finding could hardly be made in view of the language in the advertisements set out above.

The judgment of the district court will be affirmed.

5. See note 4 supra.

6. 18 U.S.C. § 2 (1952).