William **GLANZMAN**, doing business as Glanzman Studios, Plaintiff,

v.

Robert H. **SCHAEFFER**, as Postmaster, New York, New York, Defendant.

United States District Court
S. D. New York.

July 11, 1956.

David T. Berman, Brooklyn, N. Y., for plaintiff.

Paul W. Williams, U. S. Atty., New York City, for defendant, Benjamin T. Richards, Jr., Asst. U. S. Atty., Chappaqua, N. Y., of counsel.

LEVET, District Judge.

This is a motion by the above-entitled plaintiff for a preliminary injunction to restrain the defendant Postmaster from enforcing Order No. 56150 of the Postmaster General, dated June 21, 1956, directing the said Postmaster to return to the senders all letters and other mail matter which arrive at the New York Post Office addressed to plaintiff upon the ground of violation of Title 39 U.S.C.A.

§ 259a.[1] In the basic action the plaintiff seeks to enjoin and restrain the Postmaster from similar action.

Complaint was made to the Post Office Department in reference to such alleged violation upon the ground that the plaintiff herein was mailing matter said to be "obscene, lewd, lascivious, indecent, filthy, or vile." Hearings were held before an examiner. Initial decision of the hearing examiner was made on February 9, 1956. The substance of this decision was as follows:

The enterprise known as Glanzman Studios was charged with violation of the statute above mentioned in obtaining and attempting to obtain remittances of money through the mails for photographs, color slides and motion pictures of an obscene, lewd and lascivious nature. It was further charged that Glanzman was giving information by mail as to where, how and from whom such material might be obtained. Various circulars bearing the name of Glanzman Studios were marked in evidence. There were also introduced various photographs, color slides and films, all of which have been submitted upon the hearing of this motion. The hearing examiner, in describing these photographs, color slides and films, stated:

"Each of these color slides, photographs and motion picture films depicts a posed nude or nearly nude young attractive, curvaceous, bosomy female model. In the nearly nude pictures made up of a few of the slides and the two motion pictures, the pubic area is hidden either by the subject wearing a very brief 'pantie' or a towel. In all the photographs and most of the slides the subject is nude but the posed position prevents the pubic area from being seen. However, in all these pictures the subject's breasts are fully exposed and in the still photographs and color slides the subject is shown in a provocative pose. In the movies there are numerous closeup views of various parts of the body including the breasts. Accordingly, I find that the purchased items in evidence when viewed by the normal average male would result in such viewer being erotically and lustfully stimulated and that they violate and offend the present and prevailing standards of decency, modesty and morals of the country."

The examiner's report further concluded that the enterprise in question was designed and calculated to cater to the salacious tastes of the customers. The respondent, Glanzman Studios, the plaintiff herein, he stated, used two advertisements. With one of the advertisements a sample photograph of a provocatively posed nude attractive young woman was furnished. Emphasis was made in this circular of "Nude Figure Studies" and "Artistic Nude Studies." The reader was further informed that the respondent has "decided to do some-

1. "§ 259a. Exclusion from mails of obscene, lewd, etc., articles, matters, devices, things, or substances

"Upon evidence satisfactory to the Postmaster General that any person, firm, corporation, company, partnership, or association is obtaining, or attempting to obtain, remittances of money or property of any kind through the mails for any obscene, lewd, lascivious, indecent, filthy, or vile article, matter, thing, device, or substance, or is depositing or is causing to be deposited in the United States mails information as to where, how, or from whom the same may be obtained, the Postmaster General may—

"(a) instruct postmasters at any post office at which registered letters or any other letters or mail matter arrive directed to any such person, firm, corporation, company, partnership, or association, or to the agent or representative of such person, firm, corporation, company, partnership, or association, to return all such mail matter to the postmaster at the office at which it was originally mailed, with the word 'Unlawful' plainly written or stamped upon the outside thereof, and all such mail matter so returned to such postmasters shall be by them returned to the senders thereof, under such regulations as the Postmaster General may prescribe * * *."

thing for men like yourself" and it was further stated: "I know I have exactly what you have been looking for and the sample photo I have sent you should convince you Without Any Doubt that my Nude Figure Photos, Color Slides and Movies are the 'real' thing." Any reference to "art" in the advertisements, the examiner stated, was a mere pretense. Furthermore, it was only after a customer makes a purchase that the purchaser on a re-order states to Glanzman that he is "over 21 years of age and understand that I am not to use these Artistic Studies ordered, in part or any other form except *For My Own Personal Educational Needs, And To Study Them In Order To Advance In The Art Of Photography.*"

The examiner concluded that the pictures were obscene and that the respondent, Glanzman, was giving information through the mails as to where, how and from whom obscene material may be obtained, and an order was made to suppress the enterprise referred to. The matter was presented to the hearing examiner by William C. O'Brien, Assistant Solicitor, Fraud and Mailability Division, Post Office Department. The respondent, Glanzman, subsequently appealed to the Solicitor for the Post Office Department from the aforesaid initial decision of Edward Carlick, Hearing Examiner, made and entered on February 9, 1956. The appeal was heard before Abe McGregor Goff, Solicitor for the Post Office Department, who sustained the examiner's initial decision and dismissed the respondent's appeal.

Pursuant to Order No. 56150, all mail addressed to plaintiff Glanzman was to be returned to the sender thereof with the words "Unlawful: Mail to this address returned by order of the Postmaster General" plainly written or stamped thereon. Said Order was signed by the Solicitor for the Post Office Department by direction of the Postmaster General.

Two arguments are raised by the plaintiff Glanzman upon this motion for the granting of a preliminary injunction against the Postmaster of the City of New York:

(1) That the administrative proceedings were invalid because of illegal delegation or sub-delegation of powers and lack of proper separation of judicial and prosecutive functions in the administrative forum;

(2) That the determination of the Postmaster General is invalid and void due to the failure of the organic statute authorizing the administrative proceeding, 39 U.S.C.A. § 259a, and of the administrative authority itself to furnish an adequate standard for determining whether the mailed matter is "obscene, lewd, lascivious, indecent, filthy or vile."

■ As to the question of allegedly invalid delegation or subdelegation of powers and lack of proper separation of judicial and prosecutive functions in the administrative forum, there has been no unconstitutional or illegal assumption or usurpation of authority by the Solicitor for the Post Office Department. The Postmaster General has been authorized to delegate to his subordinates certain powers, functions and duties conferred upon him by statute, 5 U.S.C.A. § 369, upon the authority of Section 1(b) of Reorganization Plan No. 3 of 1949, 63 Stat. 1066:

"The Postmaster General is hereby authorized to delegate to any officer, employee or agency of the Post Office Department designated by him such of his functions as he deems appropriate." 5 U.S.C.A. § 369 note.

In accordance with this authorization, it appears that the Postmaster has delegated to the Solicitor in his Order No. 55628, dated May 17, 1954, the powers, duties and functions reposing in the Postmaster General by Section 259a of Title 39 U.S.C.A.

Order No. 55507 provides:

"Pursuant to Section 1(b) of Reorganization Plan No. 3 of 1949, authority is hereby delegated to the Deputy Postmaster General to execute and perform in his own name

all powers, functions and duties conferred by law upon the Postmaster General * * *

"The Deputy Postmaster General is hereby authorized to delegate to any officer, employee or agency of the Post Office Department designated by him such of the powers, functions and duties delegated to him by this order as he deems appropriate."

Furthermore, specific authorities were delegated to the Solicitor for the Post Office Department by the Deputy Postmaster General in the Postmaster's Order No. 55628, dated May 17, 1954. Section 201.24h of the Rules of Practice, setting forth the procedure for administrative appeals, specifically states that the Solicitor is the officer authorized to render a decision on behalf of the Postmaster General. The Solicitor signed Order No. 56150 by direction of the Postmaster General. The Postmaster General's right to delegate to his subordinates the enforcement of Section 259a of Title 39 U.S.C.A. is in line with his general authority to delegate functions to responsible officials in his department. Thus, in Lewis Pub. Co. v. Wyman, C.C., 152 F. 787, in treating the subject of delegation of authority, the Court said:

"The fact that the hearing was before the third Assistant Postmaster General and the order made by the Postmaster General is immaterial. The statute only authorizes the Postmaster General to grant or revoke these privileges; but, as Congress well knew that it would be impossible for the head of any executive department to give a hearing in person to all matters coming before that department, it has authorized the head of each department to prescribe rules and regulations for the conduct of the officers and clerks and the distribution and performance of its business. Section 161, Rev.St. (U.S.Comp.St.1901, p. 80). In pursuance of this authority, the Postmaster General has intrusted the determination of matters pertaining to the second-class mailing privilege to the Third Assistant Postmaster General, subject, of course, to his approval. The actions of the Assistant Postmaster General on matters of this kind are merely those of a master or referee of a court to hear proofs and report his findings of fact and probably conclusions of law. It is the judge of the court, or, in cases of this kind, the head of the department, who finally acts on that matter, either adopting the recommendations of the referee or assistant, or rejecting them. It is the head of the department who promulgates the conclusions as his own, independent of what the recommendations of his assistant might have been. The courts will conclusively presume that the head of the department acted on the testimony submitted to him as fully as if he had been present at the hearing and had not submitted it to one of his assistants." 152 F. at page 791.

It further appears that there has been no violation of the principle of separation of prosecutive and judicial functions in this department. Actually, there has been a separation of such functions as required by the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.

The affidavit of William C. O'Brien, Assistant Solicitor for the Post Office Department, dated June 29, 1956, states that in the handling of these proceedings no officer or employee who presided at the reception of evidence or who made the initial or final agency decisions for the Post Office Department is subject to or responsible to, or subject to the supervision or direction of any officer, employee or agent engaged in the performance of investigative or prosecuting functions for the Post Office Department and that neither William C. O'Brien nor any other officer, employee or agent engaged in the performance of investigative or prosecuting functions in this case participated or advised in the initial de-

cision by the hearing examiner or the agency decision by Abe McGregor Goff, the Solicitor for the Post Office Department.

It, therefore, appears that there is no procedural infirmity in this matter.

As to the conclusion reached by the hearing examiner and by Abe McGregor Goff, the Solicitor for the Post Office Department, who reviewed the decision of the examiner, there likewise appears to be no invalidity.

This Court agrees in substance with the conclusions reached by the hearing examiner as affirmed by the Solicitor on review. The Findings of Fact and Conclusions of Law of the examiner and the opinion of the Solicitor are not certainly so palpably erroneous as to constitute an abuse of administrative discretion. Neither is there a likelihood, in my opinion, that the plaintiff in this action will prevail.

The words "obscene, lascivious, indecent, filthy or vile," which constitute the statutory standards on non-mailability established by Section 259a of Title 39 U.S.C.A., are sufficiently distinct. Swearingen v. United States, 1896, 161 U.S. 446, 16 S.Ct. 562, 40 L.Ed. 765; Sunshine Book Co. v. Summerfield, D.C. 1955, 128 F.Supp. 564, reversed on other grounds, D.C.Cir., —— F.2d ——; Besig v. United States, 9 Cir., 1953, 208 F.2d 142. Flexibility of criteria does not invalidate. Parmelee v. United States, 1940, 72 App.D.C. 203, 113 F.2d 729, 730; United States v. Kennerley, D.C.S.D.N.Y.1913, 209 F. 119, 121.

The same terms, used in penal statutes, have been held sufficiently definite in meaning to sustain criminal indictments. Rosen v. United States, 1896, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606; United States v. Rebhuhn, 2 Cir., 1940, 109 F.2d 512, certiorari denied 310 U.S. 629, 60 S.Ct. 976, 84 L.Ed. 1399; United States v. Hornick, D.C. E.D.Pa.1955, 131 F.Supp. 603, 604, affirmed 3 Cir., 1956, 229 F.2d 120. Cf. Winters v. People of State of New York, 1948, 333 U.S. 507, 508, 68 S.Ct. 665, 92 L.Ed. 840.

I, therefore, conclude that Section 259a of Title 39 U.S.C.A. is not invalid for indefiniteness. If the terms in question are definite enough to sustain criminal prosecutions, they are definite enough to warrant mail stop orders.

The plaintiff is apparently relying on certain isolated statements of Judge Kirkland in Sunshine Book Co. v. Summerfield, supra, in which he said that "nudity is not, per se, obscene." 128 F. Supp. at page 567. He further stated that the revealing of the breast would not in itself be obscene. "However, its accentuation, its distortion, or its grossness could, under the broad definition, depending upon the situation, make it filthy or might make it indecent." 128 F.Supp. at page 570.

In the opinion of the Court of Appeals, District of Columbia, in the Sunshine Book Co. case, above referred to, the Court said in effect that the intent of the publisher is one of the important elements in obscenity cases, citing Parmelee v. United States, 1940, 72 App.D.C. 203, 113 F.2d 729 and United States v. One Book Entitled Ulysses, 2 Cir., 72 F.2d 705, at pages 707, 708: " 'Honest, sincere' works must be distinguished from publications ' "wholly for the purpose of profitably pandering to the lewd and lascivious." ' " See Sunshine Book Co. v. Summerfield, D.C.Cir., —— F.2d ——, ——.

Here, unlike the Sunshine case, there was a hearing. Due process was observed. Under the facts and circumstances of this case, as revealed by the exhibits, including the circulars and letters, it clearly appears to me that the purpose of the publisher was not art but rather the "profitably pandering to the lewd and lascivious" at the rate of $40,-000 per year. The photographs involved are of the type condemned as indecent in the Sunshine case, supra. Some of the colored slides depicted partially clothed females with resultant emphasis on adjacent nudity. Art was subordinated. The letter and circulars evidence the real purpose of the plaintiff. Purpose is a cardinal determinative. United States

v. *Hornick,* D.C.E.D.Pa., 1955, 131 F.
Supp. 603, 604, affirmed 3 Cir., 1956, 229
F.2d 120; Lynch v. United States, 7 Cir.,
1922, 285 F. 162.

██ The examiner was, I believe,
correct in concluding that the plaintiff
was obtaining and attempting to obtain
remittances of money through the mails
for obscene, lewd and lascivious material
and was depositing or caused to be de-
posited in the United States mails in-
formation as to where, how or from
whom such material may be obtained.
The facts are sustained by documentary
evidence. The order was correctly made
and the plaintiff has not established that
he is likely to succeed in this action. The
granting of a preliminary injunction at
this time would not be in the public in-
terest and would be inconsistent with the
presumptive correctness of the adminis-
trative decision.

Therefore, plaintiff's motion must be
denied.

Settle order on notice.