**A. S. TOBEROFF, also known as Abe S. Toberoff, individually and doing business as Filmfare and Filmfare Co., Appellant,**

v.

**Arthur SUMMERFIELD, Postmaster General of the United States, Appellee.**

**No. 15545.**

United States Court of Appeals Ninth Circuit.

June 7, 1957.

Brock, Easton, Fleishman & Rykoff, Stanley Fleishman, Hollywood, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Marvin P. Carlock, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, POPE, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This is an appeal from two orders directing that mail addressed to Filmfare and Filmfare Co. be held and detained by the postmaster at the office of delivery.

On August 8, 1956, an administrative complaint was filed in the Fraud and Mailability Division of the Post Office Department, pursuant to 39 U.S.C.A. § 259a. It was alleged that, under the names of Filmcraft and Filmcraft Co., circulars were being deposited in the mails giving information as to where obscene photographs, slides, and moving pictures could be obtained. An administrative order was requested directing the postmaster at Los Angeles to dispose of mail addressed for delivery to, and money orders drawn in favor of, Filmcraft and Filmcraft Co., in accordance with the cited statute.

Administrative hearings were held on September 13 and November 9, 1956. On February 4, 1957, the hearing examiner issued his "Initial Decision." He found that Filmcraft and Filmcraft Co. were attempting to obtain remittances of money through the mails for certain advertised films and still photographs. None of this merchandise had been offered in evidence at the administrative hearings. The examiner found, however, that circulars distributed through the mails by Filmcraft and Filmcraft Co., advertising this merchandise, plainly represent that it is of a character which must be regarded as obscene.

The examiner therefore concluded that the named addressees were depositing in the mails information as to where, how, and from whom obscene material could be obtained.[1] He recommended issuance

---

1. In holding that such a conclusion could be reached notwithstanding the failure to introduce samples of the merchandise in evidence, the examiner relied upon U. S. v. Hornick, 3 Cir., 229 F.2d 120, and held that Olesen v. Stanard, 9 Cir., 227 F. 2d 785, is distinguishable.

of an "unlawful" order. A. S. Toberoff, doing business as Filmcraft and Filmcraft Co., thereupon appealed to the general counsel of the Post Office Department.

On February 7, 1957, a similar administrative complaint was filed, directed against Filmfare and Filmfare Co. These named addressees used the same Los Angeles post office address as Filmcraft and Filmcraft Co. Invoking 39 U.S.C.A. § 259b, the general counsel of the Post Office Department, on February 25, 1957, issued an order impounding all mail received at the Los Angeles post office addressed to Filmfare and Filmfare Co. There was excepted from the order mail which could be identified as not being related to the film and photograph enterprise. It was recited in the order that A. S. Toberoff was attempting to circumvent and evade the effective enforcement of 39 U.S.C.A. § 259a, and that an interim impounding order was necessary to the effective enforcement of the statute.

This impounding order was, by its terms, to remain in effect for twenty days from February 25, 1957, unless the period of impounding should be extended by order of the United States district court.[2] On February 28, 1957, the government filed a petition, pursuant to 39 U.S.C.A. § 259b, asking for a court order directing that the impounding of mail be continued beyond the March 16 expiration date of the general counsel's order, and until the conclusion of the administrative proceedings against Filmfare and Filmfare Co.

In this petition, attention is first called to the fact that an administrative proceeding had been pending since August, 1956, against A. S. Toberoff, doing business as Filmcraft and Filmcraft Co. It is then alleged that, on or about January 15, 1957, after issuance of the examiner's initial decision in that proceeding, Toberoff abandoned the use of the trade names Filmcraft and Filmcraft Co., and adopted, at the same post office address, the new names Filmfare and Filmfare Co. The petition recites that since that time Toberoff, using the Filmfare name, has deposited in the mails information essentially identical to that deposited previously under the Filmcraft name. It is alleged that the interim order expires on March 16, 1957, and a continued withholding and detention of the mail involved "is reasonable and necessary to the effective enforcement of 39 U.S.C. 259a."

This petition was supported by the affidavit of William C. O'Brien, assistant general counsel of the Post Office Department. In this affidavit, it is stated that O'Brien had received a postal inspector's report, "with evidence that the above mentioned A. S. Toberoff is attempting to circumvent and evade the effectiveness of any order that may be issued under Title 39 United States Code, Section 259a against his trade name of Filmcraft and Filmcraft Co." [3]

2. This was in keeping with the requirements of 39 U.S.C.A. § 259b, which provide in part:

"* * * Any such order for the holding and detention of mail addressed to any person shall expire at the end of the twenty days after the issuance thereof unless the Postmaster General shall file, prior to the expiration of such twenty-day period, a petition in the United States district court for the district in which the post office in which such mail is held or detained is situated, and obtain an order directing that mail addressed to such person be held and detained for such further period as the court shall determine * * *."

3. The O'Brien affidavit closes with this paragraph:

"(13) That the use of frequently changing trade names is a device used by many dealers in indecent, obscene, lewd and lascivious articles, movies, slides and photographs and is employed to prevent the effective enforcement of Title 39 U.S. Code, Section 259a, which authorizes administrative orders against those who solicit the purchase of obscene matter or give information as to where, how and from whom such matter may be obtained; and affiant, based upon several decades of experience as an employee of the Post Office Department, and based also upon his careful study of the known facts with respect to the above described enterprise is convinced that A. S. Toberoff is em-

Toberoff answered the petition, denying that he changed trade names for the purpose of evading the effectiveness of any order that might be issued in the Filmcraft proceedings.[4] He alleged that the only reason he changed his trade name was to avoid litigation threatened by another company, Filmcraft Productions. The latter company, according to Toberoff's answer, had claimed that its trade name was being infringed. These allegations in the answer were supported by the affidavits of A. S. Toberoff and his attorney, Stanley Fleishman. The Fleishman affidavit sets out, verbatim, a letter dated January 15, 1957, threatening a trade-name-infringement suit, written by counsel for Filmcraft Productions to Fleishman.

The petition of the government for continuance of the impounding order came on for hearing on March 4, 1957. The only testimony received was that of A. S. Toberoff, which was to the same effect as that set out in his answer and supporting affidavit. At the close of this hearing, an order was entered, dated March 4, 1957, continuing in effect, until final determination of the administrative proceedings involving Toberoff, the interim impounding order of February 25, 1957.

This court order, which is one of the two orders here under review, is not accompanied by findings of fact. Nor is there any express recital to the effect that the continued withholding and detention of mail addressed to Filmfare and Filmfare Co. is reasonable and necessary to the effective enforcement of 39 U.S.C.A. § 259a.

Toberoff then filed motions for an order vacating the order of March 4, 1956,

on the ground that the court failed to make findings of fact and conclusions of law, and for an order to make additional findings and to amend the judgment. These motions were heard on March 14, 1957, and the matter was then continued to March 25, 1957, when a further hearing was held.

Findings of fact, conclusions of law, and an amended order were made and entered on March 27, 1957. This is the second of the two orders here under review. There is no finding of fact that Toberoff's use of Filmfare as a trade name was for the purpose of evading the effectiveness of then-pending administrative proceedings. It was found, however, that the postmaster's determination that an interim impounding order be issued "is supported by substantial evidence." The conclusions of law also recite that continued withholding and detention of mail is "reasonable and necessary" to the effective enforcement of 39 U.S.C.A. § 259a. The decretal provisions of the amended order did not substantially differ, in effect, from those of the March 4, 1957, order.

Immediately after appealing to this court from the district court orders of March 4 and 27, 1957, appellant filed here a motion for an order staying those orders. Appellant also asked, in this motion, that the postmaster be ordered to turn over to appellant all mail then impounded, received prior to March 27, 1957, and to refrain from returning any impounded mail to the senders. This motion was heard on April 8, 1957, and taken under submission. This submission was thereafter set aside and the motion was continued to be heard with the argument upon the merits. Pursuant to

---

ploying the names Filmfare and Filmfare Co. for the aforesaid purpose, affiant believing, therefore that mail addressed to said names is subject to the impounding provisions of 39 U.S.Code 259b (Act of July 27, 1956, C 755, Sec. 1; 70 Stat. 699)."

4. Toberoff also filed a cross-complaint for injunctive and declaratory relief. The government's motion to dismiss the cross-

complaint was pending in the district court when this appeal was argued. Toberoff also sought an order requiring the release of impounded Filmfare mail and regular delivery of such mail, pending trial of the action. He also asked that a three-judge court be convened to try the case. The present appeal does not require that further notice be given this cross-complaint and these motions.

a stipulated application for immediate hearing, the cause was advanced for hearing to May 28, 1957.

■■ On this appeal, appellant questions the two orders on a number of statutory and constitutional grounds. Among these is the contention that a determination that such impounding is reasonable and necessary to the effective enforcement of 39 U.S.C.A. § 259a is essential, and that there is nothing in this record to support such a determination.

Under 39 U.S.C.A. § 259b, a district court order continuing an administrative interim impounding order in effect beyond the initial twenty days, is to be entered only upon a determination that the continued withholding and detention of the mail is "reasonable and necessary" to the effective enforcement of 39 U.S.C.A. § 259a. The order of March 27, 1957, but not the order of March 4, 1957, contained a recital indicating that such a determination had been made.

As a factual basis for this determination, the government points to the circumstance that Toberoff switched from the Filmcraft to the Filmfare trade name on January 15, 1957. At that time, the administrative proceedings concerning Filmcraft mailings were still pending, an examiner's decision adverse to Filmcraft being then on review before the general counsel. The government also points to the O'Brien affidavit, which states that he had been advised by a postal inspector that Toberoff "is attempting to circumvent and evade the effectiveness of any order that may be issued under Title 39 United States Code, Section 259a against his trade names of Filmcraft and Filmcraft Co."

The trial court made no finding of fact to the effect that the use of the Filmfare name was for the purpose of evasion. In any event, this hearsay conclusion in the O'Brien affidavit, is in so far as the record reveals, based solely on the circumstance that there was a change of trade names on January 15, 1957. Appellant, however, has produced undisputed evidence, by affidavits, oral testimony, and exhibits, that the change of trade names was not for any purpose of evasion. The sole purpose of such change, according to this unchallenged evidence, was to avoid trade-name-infringement litigation with another Los Angeles firm known as Filmcraft Productions.

But, whatever the purpose in changing trade names, it is obvious to us that use of the Filmfare name did not, under the circumstances, interfere with the effective enforcement of § 259a in the proceedings against Filmcraft. No impounding order had been entered in those proceedings. At the time the administrative and district court impounding orders were entered against Filmfare,[5] Filmcraft was at liberty to receive the same replies and remittances.

Unless and until an order is entered in the Filmcraft proceeding, pursuant to 39 U.S.C.A. § 259a, preventing it from receiving mail related to the asserted unlawful enterprise, the receipt of such mail under any other name cannot be considered as evasive, or in any other respect an interference with effective enforcement in the Filmcraft proceeding. If and when a prohibiting order is entered against Filmcraft, any subsequent use of the Filmfare or any other trade name to circumvent such order can be stopped by appropriate impounding proceedings under § 259b. Until then, the impounding of Filmfare mail is premature, and therefore not reasonable and necessary to the effective enforcement of § 259a.

We do not reach the other contentions advanced by appellant. The orders of March 4 and 27, 1957, are reversed,

---

5. On April 22, 1957, the general counsel of the Post Office Department filed a decision upholding the decision of the examiner in the Filmcraft proceeding, and reciting that the order recommended by the examiner should issue. Whether or not such an order has since been entered, however, it could not affect the legality of the administrative impounding order of February 25, 1957, or the court impounding orders of March 4 and 27, 1957.

and the cause is remanded with direction to order the immediate release of impounded Filmfare and Filmfare Co. mail, and for such further proceedings as may be necessary consistent with this opinion.