CADILLAC PUBLISHING COMPANY,
Inc., Plaintiff,

v.

Arthur E. SUMMERFIELD et al.,
Defendants.

Civ. A. No. 1667-57.

United States District Court
District of Columbia.

Oct. 4, 1957.

Horace J. Donnelly, Jr., Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., Edward P. Troxell, Principal Asst. U. S. Atty., and E. Riley Casey, Asst. U. S. Atty., Washington, D. C., for defendants.

HOLTZOFF, District Judge.

This matter is before the Court on cross-motions for summary judgment. The action is brought against the Postmaster General to enjoin the enforcement of an order directing that all postmasters mark as "unlawful" all mail addressed to the plaintiff and return it to the senders. This order was based on the ground that the plaintiff was inserting advertisements in a number of periodicals which contained information where and from whom an obscene book could be obtained. The order is based on 39 U.S.C.A. § 259a. The pertinent provision reads as follows:

"Upon evidence satisfactory to the Postmaster General that any person, * * * is obtaining, or attempting to obtain, remittances of money or property of any kind through the mails for any obscene, lewd, lascivious, indecent, filthy, or vile article, matter, thing, device, or substance, or is depositing or is causing to be deposited in the United States mails information as to where, how, or from whom the same may be obtained, the Postmaster General may—

"(a) instruct postmasters at any post office at which registered letters or any other letters or mail matter arrive directed to any such person, * * * to return all such mail matter to the postmaster at the office at which it was originally mailed, with the word 'Unlawful' plainly written or stamped upon the outside thereof, and all such mail matter so returned to such postmasters shall be by them returned to the senders thereof, under such regulations as the Postmaster General may prescribe; and

"(b) forbid the payment by any postmaster to any such person, * * * of any money order or postal note drawn to the order of such person, * * * and the Postmaster General may provide by regulation for the return to the remitters of the sums named in such money orders or postal notes."

The Deputy Postmaster General who determined the matter administratively after a hearing before a hearing examiner, found that the questioned advertisement should be construed as an advertisement of an obscene book, and an examination of the advertisement leads to the conclusion that there was a rational basis for this decision. Consequently, it may not be set aside by the Court as palpably erroneous, or as arbitrary or capricious. In fact if the matter were presented to this Court *de novo*, the Court would reach the same conclusion on this issue of fact.

The book which is the subject matter of the advertisement was not offered in evidence at the administrative proceeding, and is not before the Court. The Government concedes that the book, itself, is not obscene, but urges that this circumstance is immaterial. This Court is of the opinion that the position of the Government is well founded.

One of the things that the statute bans is furnishing information through the mails where, how, or from whom an obscene publication may be obtained. It is immaterial whether the publication tendered for sale is actually obscene, if it is represented as being such. This was the construction placed on a similar statute by the Court of Appeals for the Third Circuit in United States v. Hornick, 229 F.2d 120, 122, where Judge Goodrich wrote as follows:

"The statute does not say that the advertisement must be true or that the information must be accurate. What is forbidden is advertising this kind of stuff by means of the United States mails. We think that

the offense of using the mails to give information for obtaining obscene matter is committed even though what is sent in response to the advertisement to the gullible purchasers is as innocent as a Currier and Ives print or a Turner landscape.

"It is not, therefore, necessary for us to determine whether these pictures were obscene. The defendants did purport to give information as to where obscene matter could be obtained. That is enough to make them guilty under the statute." [1]

 The contention made by counsel for the plaintiff that the order of the Post Office Department in this instance is equivalent to a prior restraint on publications and is, therefore, invalid, is completely answered by the decision of the Court of Appeals for this Circuit in Sunshine Book Co. v. Summerfield, 128 F.2d 564.

 Likewise the objections advanced in behalf of the plaintiff that the Postmaster General had no power to delegate his authority to pass upon the matter in question to the Deputy Postmaster General, and that the Government had no right to secure a review by the Deputy Postmaster General of the decision of the hearing examiner, are equally untenable.

The increase in recent years of obscene and lewd periodicals, is a serious social evil. No doubt it is a contributing cause to juvenile delinquency and to the commission of crimes by young people. The substantial literary magazines of yesteryear have all but disappeared and only a few isolated periodicals of that type still remain. Their place has been taken to a large extent by a crop of suggestive and salacious periodicals. The courts should not strain to place technical obstructions in the way of enforcement of salutary legislation to curb this undesirable excrescence. The courts have been fully cognizant of the fact that the statutory remedies placed in the hands of the Post Office Department are exceedingly drastic, and their enforcement may have serious consequences. Excesses in their administration, if any should appear, can be cured by judicial review.

Plaintiff's motion for summary judgment is denied.

The defendants' cross-motion for summary judgment is granted.

1. See also Klaw v. Schaffer, D.C.D.N.Y., 151 F.Supp. 534.