**Clayton J. SAUNDERS, Plaintiff,**

v.

**Otto K. OLESEN, individually and in his capacity as Postmaster of the United States Post Office in and for the City of Los Angeles, State of California, Defendant.**

Civ. No. 1221-57.

United States District Court
S. D. California,
Central Division.

Jan. 13, 1958.

Neale Scott, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty. for Southern Dist. of Cal., Los Angeles, Cal., by Richard A. Lavine and Alfred B. Doutre, Asst. U. S. Attys., Los Angeles, Cal., for defendant Otto K. Olesen, individually and in his capacity as Postmaster of the U. S. P. O. in and for City of Los Angeles, Cal.

TOLIN, District Judge.

Plaintiff seeks issuance of a permanent injunction directed to defendant as Postmaster of the United States Post Office at Los Angeles, California.

On or about October 23, 1957, the Post Office Department ordered said Postmaster to intercept, withhold from delivery to plaintiff and return to the senders all of plaintiff's mail (with stated exceptions) addressed to him under either of his business names, at Los Angeles, California.

The order followed an administrative hearing which has been conducted according to the prescribed procedures within the Post Office Department. Within the framework provided for administrative action in matters of this kind, the Post Office Department had determined " * * * that the United States mails are being used by: E & S Photos; E & S Sales, and their agents and representatives as such, at Los Angeles, California, in violation of Section 259a of Title 39, United States Code, which prohibits the obtaining, or attempting to obtain, remittances of money or property of any kind through the mails for any obscene, lewd, lascivious, indecent, filthy, or vile article, matter, thing, device, or substance, * * *".

The administrative record was the only evidence offered at the trial. The evidence at the hearing in the Post Office Department disclosed that a Postal Inspector using an assumed name, had answered certain advertisements of plaintiff, and upon his sending money to plaintiff by mail, had received the pictures above referred to.

Plaintiff's attempt to procure Judicial abrogation of the order of the Post Office Department fails for two reasons:

In the first place, the advertisements clearly offer pictures of the prohibited class to the public. They solicit customers to order by mail, and indirectly infer that delivery will be by mail. The supposedly saving warning "No minors" is but an invitation to minors to obtain secretly the very type of prurient material the advertisements covertly suggest plaintiff vends and offers to vend.

The gist of a vendor's illegal action may be either the giving by mail of information where obscene matter may be obtained[1] or the mailing of such matter itself.[2] It follows with equal force that the soliciting in any magazine of orders for such lewd pictures to be sent and filled by mail is prohibited.[3]

The second reason plaintiff must fail is that the collection of photographs mailed by him to the customer included several pictures of the prohibited class.

The preliminary injunction heretofore issued will be dissolved. The plaintiff will take nothing by his complaint and defendant shall have judgment for his costs.

The United States Attorney is directed to submit Findings and a Judgment within five days.

1. United States v. Hornick, 3 Cir., 1956, 229 F.2d 120.

2. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498; United States v. Two Obscene Books, D.C., 99 F.Supp. 760.

3. Klaw v. Schaffer, D.C., 151 F.Supp. 534; Cadillac Publishing Company v. Summerfield, D.C., 155 F.Supp. 313.