Abe S. **TOBEROFF**, individually, and doing business as T-R Productions, Appellant,

v.

Arthur E. **SUMMERFIELD**, Postmaster General of the United States, Appellee.

No. 15988.

United States Court of Appeals Ninth Circuit.

May 8, 1958.

Brock, Fleishman & Rykoff, Stanley Fleishman, Hollywood, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Alfred B. Doutre, Los Angeles, Cal., for appellee.

Before STEPHENS, Chief Judge, and POPE and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This is an appeal from a district court order directing that mail addressed to T-R Productions, Los Angeles, be detained until final determination of mail-exclusion proceedings pending before the Post Office Department. The order under review was entered on April 14, 1958. The appeal has been expedited because of the claim that irreparable damage is being sustained.

The essential facts are not in dispute. T-R Productions, of Los Angeles, California, is a business enterprise of Abe S. Toberoff, appellant herein. An authorized postal official, after an investigation, came to the conclusion that, under this business name, Toberoff was utilizing the mails to advertise and receive remittances for obscene, lewd, lascivious, and indecent photographs and moving pictures. This resulted in the commencement of an administrative proceeding in the Department, pursuant to 39 U.S.C.A. § 259a. The relief sought was an order by the Postmaster General requiring that all such mail matter and remittances be returned to the senders.

On March 13, 1958, when the proceeding was commenced, the complaining official also filed therein a petition for an interim impounding order, as authorized by 39 U.S.C.A. § 259b. Such an order was entered by the acting general counsel of the Department, on March 17, 1958.

This order required the postmaster at Los Angeles to withhold from delivery and detain at his office all mail received there addressed to T-R Productions, or its agents and representatives. There was excepted all mail matter which could be identified on the face of the envelopes or wrappers as not being related to the T-R Productions enterprise.

The order further provided that mail should be held and detained for a period not to exceed twenty days from March 21, 1958, "unless the period of impounding is extended by order of the United States District Court upon petition therefor * * *." The specified expiration date of the order was therefore April 10, 1958.

Believing that an extension of this administrative impounding order was reasonable and necessary, the Postmaster General, on March 28, 1958, instituted this proceeding in the district court. Following the procedure prescribed in § 259b, the petitioner prayed for an order directing that mail of the kind in question be held and detained until the conclusion of the administrative proceeding, or until the further order of the court.

Toberoff, on April 4, 1958, filed an answer to this petition. He resisted, on both procedural and substantive grounds, the request for a court-sanctioned extension of the impounding order. At a hearing held on April 7, 1958, oral testimony, affidavits, and exhibits were received and considered by the court. The court then orally announced that it agreed with the position of the Postmaster General.[1]

The court thereupon orally ordered that the administrative order to impound Toberoff's mail remain in effect, and that Toberoff's motion to dismiss the petition be denied. The court also directed the United States attorney to prepare formal

---

1. While we do not have a transcript of this hearing before us, it is stated in the Government brief that: "Judge Yankwich set forth in detail his views and conclusions concerning the matter, and set forth the Court's position that the only issue before the court was whether an extension of the Interim Impounding Order was reasonable and necessary to the effective enforcement of 39 U.S.C.A. 259a."

findings and order thereon. The minute order entered on that date is quoted in the margin.[2]

On April 11, 1958, in conformance with Rule 7, Local Rules, Southern District of California, West's Ann.Code, proposed findings of fact and conclusions of law and a proposed order were lodged with the court. These documents were then held pursuant to Rule 7, in order that opposing counsel might have an opportunity to file an objection to form within five days.

On April 14, 1958, Toberoff moved the court for an order requiring forthwith delivery of his mail. The ground for such relief, as asserted in the proposed order which he lodged with the court, was that the administrative impounding order had by its terms expired, and no valid court order continuing the impounding order in effect had been made prior to such expiration date. Toberoff, at the same time, filed objections to the Postmaster General's proposed findings of fact, conclusions of law, and order.

The motion and objections were considered and acted upon on that day. The motion for an order directing forthwith delivery of mail was denied. The objections to the proposed findings of fact, conclusions of law, and order were overruled. The findings, conclusions, and order extending the impounding order were thereupon signed and filed. On the following day, Toberoff instituted this appeal.[3]

The single question before us is whether the jurisdiction of the district court to enter such an order had expired prior to the entry of an otherwise valid order extending the administrative impounding order.

The jurisdiction of the district court to enter such an order is derived from 39 U.S.C.A. § 259b, the applicable portion of which is quoted in the margin.[4]

2. The minute order of April 7, 1958, reads:

"It Is Ordered that the Post Office Administrative Order to impound defendant's mail remain in effect and that the defendant's motion to dismiss the petition be denied and that the U. S. Attorney prepare formal findings and order thereon."

3. Without waiting to perfect this appeal, Toberoff filed in this court, on April 16, 1958, a motion for the forthwith release of mail. The motion should be granted, Toberoff urged, because the district court was without jurisdiction to enter its order of April 14, 1958, the administrative impounding order having already expired.

The motion was argued before this court on April 21, 1958. During the course of argument, it was decided, with the mutual consent of counsel for both parties, to consider the matter as on appeal, rather than as before the court on the motion referred to above. It was decided to expedite the appeal in so far as determination of the jurisdictional question is concerned, it being understood that if the appeal could not be disposed of on that issue, further briefs and arguments on other issues would be called for. An order effectuating this plan was entered on April 22, 1958, it being therein provided that the Postmaster General would have until May 1, 1958, to file a further brief. The additional brief was filed on that date.

4. 39 U.S.C.A. § 259b:

" * * * Any such order for the holding and detention of mail addressed to any person shall expire at the end of the twenty days after the issuance thereof unless the Postmaster General shall file, prior to the expiration of such twenty-day period, a petition in the United States district court for the district in which the post office in which such mail is held or detained is situated, and obtain an order directing that mail addressed to such person be held and detained for such further period as the court shall determine. Notice of the filing of any such petition shall be given forthwith * * * and such person shall have five days in which to appear and show cause why such order should not issue. If, upon all the evidence before it, the court shall determine that the continued withholding and detention of mail addressed to such person is reasonable and necessary to the effective enforcement of section 259a of this title, it shall forthwith issue an order directing that mail addressed to such person be held and detained by the postmaster at the office of delivery until conclusion of the proceeding by the Postmaster General or until further order of the

■ It is made plain in this statute that such an order is to be entered only in conjunction with, and as an extension of, an administrative impounding order entered prior thereto, in proceedings pending before the Post Office Department. It follows that, if the administrative impounding order has expired prior to the entry of a court order extending the impounding period, jurisdiction to enter such court order lapses, and a purported order entered thereafter is without force or effect.

The administrative impounding order here in question expired, by its own terms, on April 10, 1958, "unless the period of impounding is extended by order of the United States District Court upon petition therefor * * * ." The necessary inference from this language is that the court order must be entered on or before April 10, 1958. If entered thereafter, it could not be an extension of the administrative impounding order, since the latter order would have already expired.

■ But, apart from the language of the administrative order, we think the statute itself required that the court order be entered within the twenty-day maximum period that an administrative impounding order may, under § 259b, remain in effect. Indeed, it is very probable that the language of the administrative order was dictated by the requirements of the statute.

Due to the somewhat artless phraseology of portions of § 259b, there is room to argue that a court order must be petitioned for, but need not be obtained, prior to the expiration of the twenty-day period.

The section as a whole, however, indicates the awareness of Congress that the Postmaster General was being therein given great and unusual power,[5] and that strict limitations upon the exercise of such power were required.[6] The provision that an administrative impounding order shall expire in twenty days unless a court order is obtained is the most important of these built-in limitations. Yet, it could prove largely ineffective for this purpose if the mere filing of a court petition would serve to continue the administrative order in effect.[7]

court. If the court shall determine, upon all the evidence before it, that the continued withholding and detention of mail addressed to such person is not reasonable or necessary in the administration of section 259a of this title, it shall dismiss the petition and order all mail addressed to such person held or detained in any postoffice to be released forthwith for delivery. An appeal from the order of the court shall be allowed as in civil causes. * * * "

5. This awareness is expressly recorded in the report of the Senate Committee on Post Office and Civil Service, Senate Report No. 2234, June 14, 1956, accompanying H.R. 9842, which became § 259b. 2 U.S.Code Congressional and Administrative News, 84th Cong., Second Session 1956, pp. 3597, 3598. The committee there said:

"The committee recognizes that even in its present form the bill gives the Postmaster General extraordinary and summary powers to impose a substantial penalty by impounding a person's mail for up to 20 days in advance of any hearing or any review by the courts. Such power is directly contrary to the letter and spirit of normal due process, as exemplified by the Administrative Procedure Act, which requires a hearing before any penalty may be imposed. * * * "

6. In § 259b, the administrative order is designated an "interim" order. It is to be entered only after a determination by the Postmaster General that such action is necessary to the effective enforcement of § 259a. Notice of the entry of the order is to be sent to the affected person "forthwith." Notice of the filing of a petition for a court order extending the administrative impounding order is to be given "forthwith." A show cause hearing is provided for. A court order is to be entered, withholding and detaining mail for a further period only upon a determination that this is reasonable and necessary to the effective enforcement of § 259a, and is to then be entered "forthwith." If it is determined that the continued withholding and detention of the mail is not reasonable or necessary, the court is to dismiss the petition and order the mail released for delivery "forthwith."

7. This would be particularly true in cases where, under the Postmaster General's

The legislative history of § 259b also persuasively argues against the construction which the Postmaster General would put on the act.[8]

It is for these reasons that we have concluded that the Postmaster General's order of March 17, 1958, expired on April 10, 1958, unless a valid court order directing continued retention of such mail was entered on or prior to that date.

The only order entered on or prior to that date was the minute entry of April 7, 1958, based upon the court's oral pronouncement from the bench at the conclusion of the hearing on April 7, 1958.[9]

■ Under § 259b, a court order continuing in effect an administrative impounding order is to be entered only upon a determination that the continued withholding and detention of the mail is reasonable and necessary to the effective enforcement of § 259a. Toberoff v. Summerfield, 9 Cir., 245 F.2d 360.

■ Under § 259b, the determination so made is reviewable on appeal. A de-

termination of this kind was reviewed and set aside in Toberoff, supra. Where, however, the determination is not made of record, it cannot be reviewed, and the aggrieved person is deprived of the kind of an appeal contemplated by the statute. It follows that, if a purported order is not in such form that the affected person is able to obtain full appellate review thereof, it is not the kind of an order authorized by the statute, and is without effect.

■ The Postmaster General calls attention to the fact that the preparation and entry of findings of fact to carry out the oral pronouncement of the court on April 7, 1958, proceeded as expeditiously as Local Rule 7 of that court would permit. This is doubtless true, and the practical difficulty of obtaining entry of formal findings of fact within the twenty-day period is also recognized.

It may be that, in cases of this kind, the only practical course is to incorporate findings and conclusions in an opinion or memorandum of decision filed by the

---

construction of the statute, a court order is entered some time after expiration of the twenty-day period, dismissing the petition and releasing the mail for delivery.

8. When H.R. 9842, which became § 259b, passed the House of Representatives, the provision concerning expiration of an administrative impounding order required only that the Postmaster General petition *for* an order prior to the expiration of twenty days. The chairman of the Committee on Postal Matters, of the Section of Administrative Law of the American Bar Association, then wrote to the chairman of the Senate Committee on Post Office and Civil Service, calling attention to a possible ambiguity in the bill. He suggested that the ambiguity be removed by striking the word "for" and substituting the words "and obtain."

The Senate Committee referred this letter to the Post Office Department for comment. The solicitor of that department replied to the committee by letter dated June 13, 1956. In this letter, the solicitor wrote:

"From the very outset it had been my view that the provisions of H.R. 9842 were such as to require the Post Office Department to procure a court order extending the Postmaster General's interim

order within the 20-day period specified in the bill. Failure to procure such an order before the 20th day would result in a termination of the Postmaster General's interim order.

"In my letter to the chairman of the House Committee on Post Office and Civil Service of the House of Representatives dated April 1, 1956, this statement appears:

" 'The bills specifically limit these orders to a period of 20 days.'

"Under the circumstances, the Department has no objection to removing the alleged ambiguity in this bill by inserting as suggested by Mr. Denning, the words 'and obtain' between the words 'for' and 'an' in line 11 of H.R. 9842, as it passed the House of Representatives on May 7, 1956. This insertion will make it abundantly clear that the Postmaster General's interim order will expire at the end of 20 days unless the court having jurisdiction has extended the order." 2 U.S.Code Congressional and Administrative News 1956, p. 3599.

The bill was thereupon amended in conformity with these suggestions. The correspondence referred to above is set out as a part of the report of the Senate Committee. (See footnote 5.)

9. See footnote 2.

court immediately upon the conclusion of the hearing. This is permissible under Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. It would also appear to be permissible under Local Rule 7, since the applicable paragraph of that rule begins with the words, "unless the court otherwise directs. * * *"

For the reasons stated above, we hold that the minute entry of April 7, 1958, was not a valid and effective order of the kind authorized by § 259b. In view of the time limit specified in that section, we also hold that the findings of fact entered on April 14, 1958, did not operate, retrospectively, to transform that ineffective minute entry into a valid order as of the earlier date.[10]

No valid court order having been entered on or prior to April 10, 1958, the jurisdiction of the trial court to act in such matter expired on that date. The order of April 14, 1958, is therefore without legal effect.

Reversed, with directions to dismiss the petition and order all mail addressed to appellant held or detained in any post office pursuant to the administrative order of March 17, 1958, released forthwith for delivery.

10. Having called for the entry of formal findings and conclusions, the trial court was free to change its mind as to whether further impounding was reasonable and necessary. If it had done so, the administrative impounding order, under the theory of the Postmaster General, would have remained in effect beyond the twenty-day period, despite the fact that it was ultimately held not to be reasonable or necessary.